## STATE v. CHARLES HARDY.

No. A-2887.   Opinion Filed Nov. 16, 1921.

(201 Pac. 672.)

(Syllabus.)

**Intoxicating Liquors—Whether Apple Cider Intoxicating a Question for Jury.** Construing the provisions of our Constitution,

prohibiting the sale of intoxicating liquor, together with sections 3605 and 3606, Rev. Laws 1910, the question of whether or not any particular apple cider is in fact an intoxicating liquor is a question of fact for the jury.

Appeal from County Court, Woods County; R. M. Chase, Acting Judge.

Charles Hardy was informed against for the unlawful sale of intoxicating liquors and his demurrer to the information was sustained, and the State appeals. Order sustaining demurrer overruled.

The Attorney General, R. McMillan, Asst. Atty. Gen., and Sandor J. Vigg, Co. Atty., for the State.

E. W. Snoddy, for defendant in error.

BESSEY, J. This is an appeal by the state from an order sustaining a demurrer to the information, the charging part of the information being as follows:

"* * * On or about the 14th day of August, 1916, at and in the county of Woods, state of Oklahoma, Charles Hardy, then and there being, did then and there willfully and unlawfully sell certain intoxicating liquor, to wit, one gallon of cider, to one Mermenegildo Castillo at and for the sum of $1.25, which said cider so sold as aforesaid then and there contained 6.2 per cent. of alcohol, measured by volume, and which said cider was then and there capable of being used as a beverage. * * *"

It will be seen that the information charges that this cider was intoxicating; that it contained 6.2 per cent. of alcohol, measured by volume; that it was capable of being used as a beverage; and that it was willfully sold by the person charged.

The demurrer to this information may have been sustained by the court on the theory that the information should have stated that the cider was subject to a special tax under the

revenue laws of the United States, and that it did not comply with the pure food laws. Section 3606, R. L. 1910, provides:

"Sale of Apple Cider Lawful.—It shall be lawful to sell in this state apple cider manufactured either within or without the state from the unadulterated juice of apples, if the same is of such character as not to be subject to a special tax under the internal revenue laws of the United States, and shall comply with the requirements of pure food laws of the United States, and of this state."

By the enactment of this section it was not the intention of the Legislature to authorize the sale of intoxicating cider. Indeed, it was beyond the power of the Legislature to authorize the sale of any intoxicating beverage of any kind or character. That is forbidden by our Constitution. This court held, in the case of Coury v. State, 20 Okla. Cr. 2, 200 Pac. 871, in an opinion filed September 21, 1921, as follows:

"It was the intention of the Legislature to prohibit the sale and disposal of wines, ale, beer and * * * near-beer, containing more than one-half of one per cent. of alcohol, measured by volume; but * * * it was the intention of the Legislature to except cider from such provision, making it a question of fact for the jury to determine whether or not any particular cider, sold or kept for sale, contained sufficient alcohol to make it intoxicating when used as a beverage."

In order to guard against artifice and fraud, the Legislature, in section 3605, R. L. 1910, in effect said that any liquor or compound, including wine, ale, beer, and near-beer, containing more than one-half of one per cent. of alcohol, measured by volume, should be considered an intoxicating liquor. The Legislature arbitrarily said all such liquors are intoxicating. But by the enactment of section 3606, supra, cider was excepted from this list, thus making the question

of whether or not any particular cider is intoxicating a question of fact for the jury, not to be determined arbitrarily and alone by the alcoholic content or one-half of 1 per cent. measured by volume.

The information charged that this cider was in fact intoxicating. The alcoholic content of 6.2 per cent., as charged, was greatly in excess of the statutory test provided in the case of other liquors. In cases where it is charged that apple cider is sold in violation of the prohibitory law, it is for the jury to say whether or not the cider, as a matter of fact, is intoxicating. If any cider is intoxicating in fact, as a matter of law, its sale is prohibited.

We think the information in this case was sufficient and that the court erred in sustaining the demurrer to the information.

Since there was no request made by the county attorney to resubmit the accusation, according to sections 5795 and 5796, R. L. 1910, this court and the trial court are without authority to make any further orders affecting the accused.

DOYLE, P. J., and MATSON, J., concur.