## BERT RICHARDS v. STATE.

No. A-3749.   Opinion Filed Feb. 8, 1922.
Rehearing Denied Dec. 2, 1922.
(210 Pac. 295.)

(Syllabus.)

1.   Indictment and Information—Sufficiency of Information with Substantially Same Charge as in Complaint.   Where it appears that the charge in the complaint before the committing magistrate is substantially the same as that charged in the information filed in the district court, a motion to quash on the ground that the offense charged in the information differs from that charged in the complaint was properly overruled.

2.   Robbery—Conjoint Robbery—Statute of Classification.   Penal Code (section 2373, Rev. Laws 1910), prescribing the punishment for robbery conjointly committed, is a statute of classification, and not of definition.

3.   Robbery—Evidence Supporting Conviction.   Evidence examined, and found sufficient to support the verdict and judgment of conviction.

Appeal from District Court, Tulsa County; Redmond S. Cole, Judge.

Bert Richards was convicted of robbery, and he appeals, Affirmed.

John J. N. Sykes, for plaintiff in error.

S. P. Freeling, Atty. Gen., and E. L. Fulton, Asst. Atty. Gen., for the State.

DOYLE, P. J.   Plaintiff in error, Bert Richards, was convicted of the crime of robbery conjointly committed and his punishment fixed at five years in the penitentiary.   From the judgment rendered on the verdict he prosecutes this appeal.

The information charged that Bert Richards and John Doe, whose real name is unknown, on the 23d day of February, 1918, conjointly and feloniously committed the crime of robbery by taking from the person and possession of one E.

S. Johnson the sum of $24, the property of said Johnson, without the consent and against the will of the said Johnson, in that said defendants and each of them did then and there threaten to do bodily harm and injury and take the life of the said Johnson if he, said Johnson, resisted the taking of said property.

The first assignment of error is that the court erred in overruling the defendant's motion to quash the information. Before pleading to the information the defendant Richards filed a motion to quash, for the reason in substance as follows: That the original complaint upon which the preliminary trial was had charged this defendant with the crime of robbery, and the information filed charges this defendant with the crime of conjoint robbery; that he did not have a preliminary examination before the committing magistrate for the crime of conjoint robbery as charged in the information now pending.

The original complaint charged that Bert Richards and John Doe, whose real name is to affiant unknown, did on the 23d day of February, 1918, unlawfully and feloniously take from the person and possession of E. S. Johnson $24 lawful money of the United States, which taking was accomplished by means of force and fear, said defendants being armed with revolvers, and threatened to take the life of said Johnson if he resisted. Attached to the complaint was a duly certified transcript of the proceedings holding the defendant to the district court.

It is urged by counsel for the defendant that in the original complaint the defendant was charged with the crime of robbery, and the information filed in the district court charged the crime of conjoint robbery, and for this reason the defendant was denied the benefit of a preliminary examination for the particular crime of which he was convicted.

Robbery is defined by our Penal Code as follows:

"Robbery is an unlawful taking of personal property in the possession of another from his person or immediate presence and against his will, accomplished by means of force or fear." Section 2364, Rev. Laws.

Our Penal Code further provides:

"Whenever two or more persons conjointly commit a robbery or where the whole number of persons conjointly committing a robbery and persons present and aiding such robbery amount to two or more, each and either of such persons is punishable by imprisonment in the penitentiary for not less than five years nor more than fifty years." Section 2373, Rev. Laws.

It is apparent, without comment, that the last section above quoted is a statute of classification, and not of definition. It follows that conjoint robbery is not a distinctive offense, but is one of the methods of committing robbery, and it has been repeatedly decided by this court that the original complaint need not state the offense charged in technical language, nor in such specific terms as is required in an information, and is sufficient where the jurisdictional facts appear and the crime is stated in ordinary language. Ponosky v. State, 8 Okla. Cr. 116, 126 Pac. 451; Tucker v. State, 8 Okla. Cr. 428, 128 Pac. 313; Weatherholt v. State, 9 Okla. Cr. 161, 131 Pac. 185; Muldrow v. State, 16 Okla. Cr. 549, 185 Pac. 332.

The facts are about as follows: The complaining witness, Johnson, left his home two or three miles south of the Hickory mines about 9 o'clock in the evening in a one-horse rig, and drove to the home of one Sturgeon, near the Hickory mines, who paid him $20 that he owed him. On his way there he passed another one-horse rig, and recognized the driver as a man he saw that day in Tulsa in company with a woman he knew as Clarisa Bell. Leaving Sturgeon's for his home,

he had not gone very far when he noticed the rig he had passed stopped near the side of the road. As he passed by two men with revolvers in their hands stepped out in the road and said, "Stick them up; stick them up," and demanded his money. He handed them his money, a $20 bill and $3 or $4 in change, and they told him to go on and drive like hell. He stopped at the next house and called up the officers. Two officers came out. He told them that one of the men that held him up was the defendant and the other one he did not know.

The officers and Mr. Johnson went to the home of Bert Richards, reaching there about 11 o'clock that night, and found a gray horse wet with sweat. The next morning Mr. Johnson in company with one or two others went back to where the robbery occurred and traced the tracks of a horse that had one hoof unshod, which was the condition of the gray horse found in the possession of the defendant.

The defense interposed was an alibi. Some exceptions were taken to rulings of the court upon the admission and rejection of testimony, but we are of the opinion that none of them were well taken.

The instructions given fully covered the law of the case. The testimony on the part of the state, if credited, as it was, was amply sufficient to sustain the verdict. As shown by the record, the defendant has had a fair and impartial trial.

The judgment of the trial court is therefore affirmed.

MATSON and BESSEY, JJ., concur.