## JOE RANDALL v. STATE.

No. A-5236. Opinion Filed Feb. 20, 1926.
(243 Pac. 983.)

Deupree & Deupree and A. J. Taft, for plaintiff in error.

George F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

DOYLE, J. Plaintiff in error, Joe Randall, was tried on a plea of not guilty to an indictment of which the charging part is as follows:

"That is to say, that the said defendant, in the county aforesaid then and there being, did then and there willfully, unlawfully, wrongfully and feloniously, assault and strike one Joe Pack upon the head with a certain piece of steel approximately ten inches long and weighing approximately one pound, which said steel was then and there had and held in the hands of him, the said defendant, with such force as to overcome all resistance on the part of the said Joe Pack, and by means and use of such force, as aforesaid, and while the said Joe Pack was overcome by means of such force, he, the said defendant, did willfully, unlawfully, wrongfully and feloniously take, steal and carry away from the person of the said Joe Pack approximately $40 good and lawful money of the United States of America, the personal property of the said Joe Pack, with the unlawful, wrongful and felonious intent then and there on the part of said defendant to appropriate said property to his own use and benefit, and to deprive permanently said rightful owner thereof, contrary to," etc.

The trial court instructed the jury, in part, as follows:

"7. Under the law any person who with the use of any firearm or other dangerous weapon attempts to rob or robs any person, or who robs or attempts to rob any place of business attended by any person, either in the day or nighttime, shall be deemed guilty of a felony, and upon conviction thereof shall suffer death or imprisonment at hard labor in the state penitentiary for a time

of not less than 25 years, at the discretion of the jury." Exception allowed. William H. Zwick, Judge.

The jury returned their verdict finding "the defendant guilty as charged in the indictment and fixing his punishment at 25 years in the state penitentiary." Motions for a new trial and in arrest of judgment were overruled, and on March 6, 1924, the court pronounced judgment and sentence in accordance with the verdict.

In support of the contention for defendant that the judgment should be reversed and a new trial ordered, numerous errors are assigned which will be taken up in the order presented in his brief.

It is first contended that the court erred in overruling defendant's motion in arrest of judgment, which was based on the ground that the indictment did not state facts sufficient to constitute a public offense, and that the indictment did not sufficiently inform him of the crime of which he is accused, for the reason that the charge was made under chapter 85, Session Laws of 1923, and not under section 1784, C. S. 1921, which defines "robbery" as follows:

"Robbery is a wrongful taking of personal property in the possession of another from his person or immediate presence and against his will, accomplished by means of force or fear."

Chapter 85, Session Laws 1923, § 1, reads:

"That any person or persons, who, with the use of any firearms, or any other dangerous weapons, attempts to rob or robs any person or persons, or who robs or attempts to rob any place of business, residence, bank, or other place, inhabited or attended by any person or persons at any time, either day or night, shall be deemed guilty of a felony, and upon conviction therefor shall suffer death, or imprisonment at hard labor in the

state penitentiary for a time of not less than twenty-five (25) years, at the discretion of the jury."

This statute does not define the crime of robbery, but merely increases the punishment for the crime as defined by section 1784, supra, when accomplished with the use of any firearm or other dangerous weapon, and is in effect a statute of classification. Generally speaking, robbery is a larceny, with aggravated features added, and the larcenous taking of money or goods of any value from the person of another, or in his presence, against his will, by force or by putting in fear, is robbery. The indictment follows the language of the statute and alleges all the essential elements of the crime of robbery. It follows that the motion in arrest of judgment was properly overruled.

The second assignment is that the evidence is insufficient to sustain the verdict.

Joe Pack, proprietor of a pawnshop and clothing store, located at Broadway and California streets, in Oklahoma City, testified that defendant came into his place of business about 5:30 in the evening of December 13, 1923, and first inquired about a trunk, then stated that he wanted to buy some clothes; that he tried on a suit, an overcoat, cap, shoes, and overshoes; that the clothes were altered, he then put them on again, and then told Pack that his money was in his other clothes, and he went back of the partition into a part of the store used for a dressing room. He remained there for some time, and finally Pack went back to see what was the matter. Defendant said that his belt buckle was broken and Pack leaned over to examine it, and defendant struck him over the head with a steel bar about ten inches long and took $40 from his pocket and then fled. He was apprehended a short time afterwards by two police officers, one of whom testified after they had

taken defendant to jail they asked him where the steel bar was, and defendant told them; then they took defendant to the described place and found the steel bar where he said it was.

The defendant, a negro, as a witness in his own behalf, testified that he was 19 years old, that as he passed Pack's store he saw a trunk which attracted his attention, and after inquiring about its price was solicited to look at some clothes and other articles, and after trying them on made an agreement to purchase the articles for the sum of $25; that while he was trying on the clothes in the back part of the store, Joe Pack came back to him and proposed that he make settlement back there; that a disagreement arose as to the price; he paid him $25, and Pack demanded $15 more, which he refused to pay. Pack caught him by the shoulder and raised his hand to strike him, and that he got hold of a piece of iron and tapped him on the head with it, but did not take any money from him.

It is the province of the jury to determine disputed matters of fact, and the foregoing statement is sufficient to show that the case was one for the consideration of the jury.

It is contended that instructions Nos. 7 and 8, taken together, advised the jury that the iron bar was a dangerous weapon; that if they found that defendant used it in the manner set out in the indictment, he would be guilty of a felony, and subject to punishment of either death or imprisonment for not less than 25 years; that where one is charged with a crime, which has one of the elements of that crime, the use of a dangerous or deadly weapon, and the prosecution relies on the use of the instrument which is not necessarily deadly or dangerous, the court from the evidence must submit to the

jury the question whether or not that particular instrument as used was a deadly or dangerous weapon. Citing Clemons v. State, 8 Okla. Cr. 452, 128 Pac. 739.

In Winfield v. State, 18 Okla. Cr. 257, 191 Pac. 609, the defendant was charged with robbery by the use of firearms and his punishment assessed at imprisonment for five years in the penitentiary. In that case we held that:

"Where the evidence on the part of the state clearly establishes all the essential elements of robbery in the first degree against the defendant on trial, he may be prosecuted and convicted of that included offense."

It will be observed that this indictment does not allege that the iron bar was a dangerous weapon, and it does not appear from the testimony that the alleged use of it caused any bruise or abrasion, and for this reason we are inclined to think that the court should have submitted the issue of robbery committed without the use of a firearm or other dangerous weapon; however, the instructions requested by counsel for the defendant did not include a request to submit this issue to the jury.

Under Code of Criminal Procedure (sec. 2820, C. S. 1921), this court is authorized to modify the judgment and sentence of trial courts in criminal cases, when such a course would be in furtherance of justice, and conduce to the humane administration of the law, and the remedy in cases like this is found, not in a new trial, but by reducing the punishment.

Upon an examination of the whole record, we are convinced that the punishment imposed is excessive, and that the judgment should be modified by reducing the sentence to imprisonment in the penitentiary for a term of five years, the minimum punishment prescribed for the crime of robbery.

The judgment and sentence appealed from as thus modified will be affirmed.

BESSEY, P. J., and EDWARDS, J., concur.