# HARRY WELLS v. STATE.

No. A-5304.   Opinion Filed May 1, 1926.
(245 Pac. 1007.)

Jno. L. Ward and Geo. Paschal, for plaintiff in error.

Geo. F. Short, Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Tulsa county on a charge of robbery with firearms, and

sentenced to serve a term of 25 years in the state penitentiary.

On the night of the 27th day of October, 1923, one Gilmer, a street car conductor, was held up and robbed on his car in the suburbs of the city of Tulsa. The robbery was done by two persons—one of whom was partially masked with a handkerchief covering his nose and the lower part of his face; the other was unmasked. A few days thereafter the defendant with another was charged with the crime. The codefendant, charged as John Doe, proved to be one Edgar Minson, who at that time was a convict serving a term in the Granite Reformatory for robbery and was on leave of absence. Minson turned state's evidence, and defendant was convicted upon his testimony and some corroborating evidence which is rather unsatisfactory, but sufficient to satisfy the requirements of the law in relation to evidence of accomplices.

Complaint is first made that defendant is prosecuted under the conjoint robbery statute (section 1793, Comp. St. 1921), and it is contended that this is repealed by chapter 85, Session Laws 1923. The prosecution is under the latter statute, which does not repeal the former, nor does the latter repeal section 1784, Comp. St. 1921, defining robbery. While the title of chapter 85, supra, purports to be an act defining robbery, yet, as the title calls attention to the subject-matter of the act and comprehends but one subject, that of robbery, it is sufficient. It is merely a statute of classification, and provides an enlarged punishment for robbery committed by the use of firearms or other dangerous weapons. In this connection it is pertinent to state that the Legislature of 1925, by chapter 44, again amended the law and fixed the minimum punishment at 5 years instead of 25 years, as in chapter 85, supra. Chapter 44 of the Session Laws of 1925 is also a statute of classification and not definition.

Richards v. State, 22 Okla. Cr. 199, 210 P. 295; Randall v. State, 33 Okla. Cr. 262, 243 P. 983.

It is next argued that the court erred in permitting the state to offer in evidence a statement made in the presence of defendant while he was in custody, charging him with this crime, which he did not at the time contradict. This court has several times held that a person in custody on a charge of crime is not called upon to contradict a statement prejudicial to him made in his presence, and though such statements are not contradicted they are not admissible in evidence against him. Section 21, art. 2, of the state Constitution; Gillespie v. State, 5 Okla. Cr. 546, 115 P. 620, 35 L. R. A. (N. S.) 1171, Ann. Cas. 1912D, 259; Ellis v. State, 8 Okla. Cr. 522, 128 P. 1095, 43 L. R. A. (N. S.) 811; Towery v. State, 13 Okla. Cr. 216, 163 P. 331, L. R. A. 1917D, 491; Saunders v. State, 33 Okla. Cr. 336, 244 P. 55.

Where the record clearly shows this, it may be prejudicial error sufficient to reverse the case. But here, after it was shown that the charge was made and not contradicted, it was further shown on cross-examination of the witness that the statement was not heard by defendant, and that he was not in a position to deny such accusation. Under these circumstances, he could not have been prejudiced.

Lastly, it is contended that the court erred in instruction No. 10, which is as follows:

"You are instructed that the prosecution in this case has used the testimony of a witness who was culpably implicated in the commission of the crime with which the defendant is accused; that is, one who knowingly and voluntarily co-operated or aided or assisted in the commission of the crime with which the defendant is accused. You are instructed that such witness is in law what is known as an accomplice, and you are instructed that a conviction cannot be had upon the testimony of an accomplice, unless such witness be corroborated by such other

evidence which tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense, or the circumstances thereof, but such other evidence, to be sufficient to corroborate the evidence of an accomplice, must tend to connect the defendant with the commission of the crime of which the defendant is accused."

By this instruction the court informed the jury as a matter of law that the witness Minson was an accomplice of the defendant. Minson had testified that he and defendant committed the robbery. Defendant denied seeing Minson on the day of the robbery, denied that he was with him or had any connection with the crime charged, and offered evidence tending to prove an alibi. This was a direct and irreconcilable conflict between the testimony of the claimed accomplice and the defendant. If the evidence of the accomplice was to be believed by the jury, the evidence of defendant must be disbelieved. It, therefore, was a question of fact whether or not defendant was an accomplice of the witness Minson and a matter to be submitted to the jury for their determination as a question of fact. The assumption by the court in the instruction No. 10 that defendant was an accomplice invaded the province of the jury to the prejudice of defendant. It amounted to a statement by the court that the evidence of Minson was true and the evidence of defendant not true.

In Cudjoe v. State, 12 Okla. Cr. 246, 154 P. 500, L. R. A. 1916F, 1251, it was held:

"Where the evidence is conflicting as to whether a witness participated in committing the crime charged, the question as to whether or not such witness is an accomplice, is one of fact for the jury. But where the acts and conduct of the witness are admitted, it becomes a question of law for the court to say whether or not those acts and facts make the witness an accomplice."

See also, Moore v. State, 14 Okla. Cr. 292, 170 P. 519; McKinney v. State, 20 Okla. Cr. 131, 201 P. 673.

For the reasons assigned, the case is reversed and remanded.

BESSEY, P. J., and DOYLE, J., concur.