## J. E. WISSINGER v. STATE.

No. A-6242.   Opinion Filed Jan. 21, 1928.
Rehearing Denied March 10, 1928.
(264 Pac. 631.)

Thomas I. Munroe and Franklin H.· Griggs, for plaintiff in error.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Tulsa county on a charge of robbery and was sentenced to serve a term of 10 years in the state penitentiary.

The record discloses that on August 22, 1925, a filling station on the outskirts of Tulsa, in charge of one Johnny Crowell, was held up and about $25 taken from the cash register. A few days later defendant was arrested, charged with the offense. He is identified by Crowell as the person who committed the robbery. Defendant denied his guilt and offered evidence tending to prove an alibi.

It is contended that the information is insufficient and is based on section 1784, Comp. St. 1921, and following sections of the Compiled Statutes 1921 which defendant contends is repealed by chapter 85, Session Laws 1923, as amended by chapter 44, Session Laws 1925. This court, in the case of Wells v. State, 34 Okla. Cr. 179, 245 P. 1007, held that chapter 85, Session Laws 1923, is a statute of classification and not of definition and does not repeal the former law; that the law of 1923 merely provides an enlarged punishment for robbery committed by the use of

firearms, and the amendment thereof (chapter 44 of the Session Laws 1925) is also a statute of classification and not definition. We find no substantial error by reason of any defect in the information nor in the instructions defining the offense charged and stating the punishment applicable.

It is also argued that there is no proof of certain essential elements of the offense charged, in that there is no proof that force was used, and that the element of fear is not proven, as Crowell, the employee in charge of the station robbed, testified that when defendant pointed a pistol at him he was not afraid. There is evidence that defendant pointed a pistol at Crowell and required him to open the cash register and then took from the cash register the money. In the case of Ross v. State, 31 Okla. Cr. 143, 237 P. 469, an employee and custodian of the money of the robbed bank, testified she was not afraid of the person committing the robbery, this court held:

"Where a pistol is pointed in a threatening manner at an owner or custodian of money who thereupon permits it to be taken, such act is 'robbery' although the custodian or owner may not be in actual fear, since fear is presumed where such act is committed violently and against the will of the person robbed."

Lastly, it is earnestly contended that there is prejudicial error in the comments of the county attorney during the trial and in his argument calling attention to the failure of defendant to produce his wife as a witness. The evidence for the state is that the person who committed the robbery came to the station in a Ford coupe and had with him a woman who remained in the car while the person who committed the robbery got out of the car, and had gas and oil put in it before committing the robbery. Defendant testified that on the night the robbery took place he was accompanied by his wife, who was driving

with him in his car. He introduced witnesses who testified they saw him that night accompanied by his wife. The wife of defendant was present in the courtroom during the trial, but was not called as a witness. Counsel for the state called attention to this fact which is the basis of the contention made. Defendant relies upon the authority of Stutsman v. Ter., 7 Okla. 490, 54 P. 707, decided by the Supreme Court of the territory long prior to statehood. That case, in substance, holds that on account of the sanctity of the marital relations if a husband for any reason does not offer his wife as a witness in his behalf, it is no evidence against him and no inferences arise from such failure. That was an extreme rule even at that time. This court has materially changed the rule announced in the following cases: Rhea v. Ter., 3 Okla. Cr. 231, 105 P. 314; Hampton v. State, 7 Okla. Cr. 291, 123 P. 571, 40 L. R. A. (N. S.) 43; Manning v. State, 7 Okla. Cr. 367, 123 P. 1029.

In the case of Hopkins v. State, 11 Okla. Cr. 391, 146 P. 919, this court, in discussing a comment made for failure to call a codefendant, said:

"The Attorney General's brief cites the cases of Manning v. State, 7 Okla. Cr. 367, 123 P. 1029, and Hampton v. State, 7 Okla. Cr. 291, 123 Pac. 571, 40 L. R. A. (N. S.) 43, wherein this court held that the failure of the defendant to call his wife as a witness, where the facts show that she would be a material witness in his behalf, is a proper subject of comment to the jury by counsel for the state. The doctrine of those cases is not in point. Our statute (section 5882, Rev. Laws 1910) authorizes the wife to be a witness for the husband, and his failure to produce her, where the facts show she would be a material witness for him, is, both upon principle and authority, a legitimate subject for criticism on the part of the state. See Graves v. U. S., 150 U. S. 118, 14 S. Ct. 40, 37 L. Ed. 1021."

The wife cannot be called as a witness to testify

against her husband except for offenses committed against her person, but she is a competent witness in his behalf in all cases, and where as in this case the evidence discloses that the wife was with her husband at the time of the offense charged and might be a material witness, his failure to call her as a witness is a proper subject of comment.

The court, however, was in error in excluding testimony of defendant presumably to explain why he did not call his wife as a witness. The record discloses the following:

"* * * By Mr. Munroe (attorney for defendant): Q. Now, Whitey, you are not on good terms with your wife, are you?

"Mr. Hickman: We object as incompetent, irrelevant, and immaterial.

"The Court: Sustained.

"Mr. Munroe: He has tried all day to call the attention of the jury to the fact his wife is sitting over here.

"The Court: Never mind what he did.

"By Mr. Munroe: Q. You and your wife have had some trouble? A. Yes, sir.

"Q. She is on unfriendly terms with you?

"Mr. Hickman: That is objected to as incompetent, irrelevant, and immaterial.

"The Court: Sustained.

"By Mr. Munroe: Q. You haven't seen her since you have been in jail?

"Mr. Hickman: Objected to as incompetent, irrelevant, and immaterial.

"The Court: Sustained.

"Mr. Munroe: That is all.

"Mr. Hickman: That is all. * * *"

Where the wife of a defendant might become a material witness in his behalf and she is not placed upon the stand by him, an inference arises that her evidence would be unfavorable. In such case he has the right to explain her absence or his reason for not placing her on the stand. Here, however, he did not follow up his question by any offer of proof and it may be that the trial court was not apprised of his purpose in asking the question.

It is well settled that, where error is assigned on account of the ruling of the trial court in excluding evidence, there must be an offer of proof, so this court can determine whether or not it was material and proper testimony, and whether or not defendant was injured by its exclusion. Upon an examination of the entire record it appears that defendant was fairly tried, the evidence sufficiently sustains the verdict, and no prejudicial error is made to appear.

The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.