## JOHN SIMPSON v. STATE.

No. A-6656. Opinion Filed March 1, 1928.
Rehearing Denied May 5, 1928.
(266 Pac. 783.)

M. D. Hartsell and T. H. Davidson, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J.  The plaintiff in error, hereinafter called defendant, was convicted in the district court of Muskogee county on a charge of robbery with firearms, and was sentenced to serve a term of 30 years in the state penitentiary.

This is a second appeal; a former conviction having been reversed by this court.  Williams et al. v. State, 35 Okla. Cr. 171, 249 P. 433.  After the reversal of the former conviction, a severance was had, and the defendant, John Simpson, was tried alone.

On December 20, 1924, about the hour of 9:30 p. m., two men appeared at the store of Robert Nesbitt, at which Nesbitt and a young woman named Rhoda

Bowman were working, and, by pointing a pistol, made them hold up their hands. They then robbed the person of Nesbitt, and rifled the cash register. Defendants were arrested in Muskogee on January 6 following. The evidence is that one of the persons committing the robbery wore a peculiar pair of glasses with divided lenses; the top part colored, the lower part clear. At the time of the arrest defendant had in his pocket a pair of glasses answering the description of those worn by one of the robbers. Soon after the arrest Nesbitt and Rhoda Bowman identified defendants as the persons engaged in the robbery. There are some other corroborating circumstances. The defense was an alibi. The defendant testified, but the codefendant, Williams, did not take the stand.

It is contended that, since the robbery is charged to have been committed by two persons, the prosecution should have been under the conjoint robbery statute (section 1793, Comp. Stat. 1921). There is but one definition of robbery under the statutes of this state. That is robbery as defined by section 1784, Comp. St. 1921. Conjoint robbery, as referred to in section 1793, Comp. Stat. 1921, is merely robbery as defined by section 1784, when committed by two or more persons. The latter section is a statute of classification and not of definition. In 1923 the Legislature enacted chapter 85, Session Laws 1923, further classifying robbery, and providing an enlarged punishment for robbery when committed by any person or persons by the use of firearms or other dangerous weapons. It applies whether the robbery is by one person or two or more conjointly. This was the law in force at the time the offense here charged was committed. Since that time this statute has been further amended by chapter 44, Session Laws 1925. Richards v. State, 22 Okla. Cr. 199, 210 P. 295;

Randall v. State, 33 Okla. Cr. 262, 243 P. 983; Wells v. State, 34 Okla. Cr. 179, 245 P. 1007.

The instructions here properly define robbery and submit the punishment for robbery by firearms, the class of robbery charged and shown by the evidence.

It is argued at length that the evidence is insufficient to support the conviction. Counsel admits the well-settled rule of this court that, where there is evidence, although conflicting, which, if believed, is sufficient to sustain the judgment, the court will not invade the province of the jury and weigh the evidence, but will leave to the jury the discretion of determining the weight and sufficiency of the evidence and the credibility of the witnesses. He does not assert that there is not sufficient evidence of guilt, which, if believed, sustains the conviction, but that it comes to the court under such condition that the case presents an exception to the general rule; that, in view of the sharp conflict in the evidence and the contradictions in the testimony of the state's principal witnesses, Nesbitt and Bowman, this court should weigh the evidence and determine the credibility of the witnesses. The proof of guilt must stand or fall on the evidence of Nesbitt and Miss Bowman, they were the only persons present at the scene of the crime other than the persons who committed the robbery. Both of these witnesses testify positively that the defendant and Roy Williams are the persons who committed the offense. They were also the principal witnesses at the former trial, at which time they were cross-examined at great length, particularly on the matter of identification, the examination going minutely into the appearance of the persons committing the robbery, the manner in which they were dressed, and the reason of the witnesses for their identification.

There are conflicts in the testimony of these wit-

nesses on this trial and the former trial in the matter of details, which are stressed and pursued here at length in a most searching cross-examination, and it is urged that these contradictions so weaken the testimony of these witnesses that the court should not permit the conviction to stand. There is no conflict in the testimony as to the ultimate fact. These witnesses in each instance testify that the defendant and Roy Williams were the persons who committed the robbery. The identity of a person is in large measure a matter of opinion. It may be based on well-defined characteristics, but it is sometimes almost, if not quite, inexplicable and incommunicable. That is, a person may recognize another without being able to state or describe any peculiarity or characteristic on which his identification is based, and a witness may testify that he saw defendant after his arrest and recognized him as the person he saw commit the offense. Yarbrough v. State, 105 Ala. 43, 16 So. 758. That is largely the situation here. Under all the circumstances we see no reason to depart from the rule and to discredit or question the testimony of these witnesses upon the matter of identity.

Complaint is made that the court excluded competent and material evidence offered by defendant, and admitted incompetent evidence for the state. Under this assignment various items are discussed in the brief. In one instance evidence was offered and excluded that a witness had known defendant for several years, and that she could not have identified him dressed as the state's witnesses testify. The witness was offered as an expert, and defendant contends that any fact or circumstance tending to disprove the identification or to show a mistake of identity is competent, citing White v. Com., 80 Ky. 480. That case, even if sound, is not, we think, in point. There the defendant sought to show that, about the time of the commission of the offense

for which he was on trial, there was another person in the same city so like defendant in personal appearance that the witness who had known him many years was deceived as to his identity. That is not the situation here. The testimony offered is not upon a point calling for the opinion of an expert. The admission of testimony of this kind would introduce a novel and confusing question as variable as the mind or the interest of the witness might be.

Among the items objected to as incompetent is the testimony of the chief of police of Muskogee. He was asked why he had not arrested defendant. His answer in substance is that there was nothing particularly in the description furnished that warranted it, and stating that he knew that John had been—at which point he was interrupted, and did not conclude his answer. This, it is contended, constitutes an attack on the character of defendant, leaving the inference that he had been in the penitentiary or into something which disparaged him. This evidence was not competent, but we do not see that it is of any material prejudice. It is also claimed that the admission in evidence of the testimony of the witness Davis given at the former trial, since deceased, was prejudicial, for the reason that at the former trial the witness drew a diagram of the scene at the point where defendant was arrested, which diagram was not used in this trial; that the testimony of the deceased witness without the diagram, in conjunction with the testimony of other witnesses, tended to impeach defendant's explanation as to where he was going at the time of his arrest, and that, if the diagram had been included, the testimony of the deceased witness would convey a different meaning. This is not apparent from the record. Miss Bowman identified a hat offered in evidence which had been procured from rooms where the defendant had resided as being the

hat, or looking like the hat, worn by him at the time of the robbery. It is insisted that this was brought out by leading and suggestive questions, and was in fact prompted and directed by the assistant county attorney. The examination is leading, but the witness was intelligent, and we think the testimony was not colored by reason of any leading questions.

It is also argued at some length that the transcript of the evidence of the cross-examination of the witness Beck, who testified for defendant at the former trial, and who was not present at this trial, was prejudicial. Beck was the principal witness to prove alibi. The reversal of the conviction in the former case was, in the main, on account of the misconduct in the cross-examination of this witness. In the introduction of the cross-examination the objectionable part is omitted. It is insisted that a portion of this cross-examination is incompetent, and amounts to an attack on the character of defendant. The witness Beck was a partisan, and admitted in this cross-examination that in talking to the county attorney or assistant county attorney about the case he had not been truthful, but sought to deceive them. Under these circumstances a searching cross-examination was permissible, and this evidence is more a breaking down of the testimony of this witness and a showing of his interest and bias than an attack on the character of defendant. This cross-examination disclosed that defendant had formerly served a term in the penitentiary. This is objected to, but it was admitted by defendant on his cross-examination that prior to the time of this crime he had been sentenced to the penitentiary for a term of 10 years for burglary, had served a part of that time, and his sentence had been commuted. Various other matters are argued under this assignment, which we do not discuss in detail, but all have had attention.

Complaint is also made that there is misconduct of the county attorney in his argument in commenting on the failure of defendant to call his codefendant, Roy Williams, as a witness. A codefendant, against his will, cannot be compelled to testify, and, where two or more persons are included in the same information, and are tried separately, the failure of a defendant to call his codefendant as a witness is not a circumstance from which unfavorable inferences may be drawn nor any legitimate argument against a defendant made. The comment is misconduct. Slight investigation by the county attorney will inform him that this comment is not legitimate argument. Buxton v. State, 11 Okla. Cr. 85, 143 P. 58; Irvin v. State, 11 Okla. Cr. 301, 146 P. 453; Hopkins v. State, 11 Okla. Cr. 385, 146 P. 917; Wells v. State, 29 Okla. Cr. 11, 231 P. 1087.

We have given this case the consideration that its importance warrants, and have reached the conclusion that the evidence is sufficient to sustain the verdict, and, since two juries of Muskogee county have passed on these questions of fact, and have found the defendant guilty, the errors shown by the record do not require a reversal. Justice requires that the punishment be reduced to the minimum of 25 years, and, as modified, the case should be affirmed.

The case is modified and affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.