## GUY OLNEY et al v. STATE.

No. A-7814.   Opinion Filed July 18, 1931.
(1 Pac. [2d] 799.)

W. H. Brown, for plaintiffs in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.  The plaintiffs in error, hereinafter called defendant, were tried together and found guilty of the crime of robbery in the first degree, and their punishment fixed by the jury at imprisonment in the state penitentiary for a period of 10 years for each of them.

The charging part of the information is:

"That the said Guy Olney and W. A. Nussom, in the county of Muskogee, state of Oklahoma, on the 12th day of June, 1929, then and there knowingly, willfully, unlawfully, wrongfully and feloniously, made an assault in and upon one Lee Thaxton, then and there and thereby putting the said Lee Thaxton in fear of an immediate injury to his life and person, and did then and there by the use of force and putting in fear unlawfully, willfully, wrongfully and feloniously take, steal and carry away from the possession and person of the said Lee Thaxton certain personal property, to wit: $60, with the unlawful, wrongful and felonious intent then and there on the part of the said Guy Olney and W. A. Nussom to rob and deprive the said Lee Thaxton of said property and to convert the same to the use and benefit of them," etc.

Section 1784, C. O. S. 1921, defines robbery as:

"Robbery is a wrongful taking of personal property in the possession of another from his person or immediate presence and against his will, accomplished by means of force or fear."

Section 1790, C. O. S. 1921, provides

"Robbery, when accomplished by the use of force, or of putting the person robbed in fear of some immediate injury to his person, is robbery in the first degree. When accomplished in any other manner, it is robbery in the second degree."

Section 1791, C. O. S. 1921, provides:

"Any person guilty of robbery in the first degree is punishable by imprisonment in the penitentiary not less than 10 years."

Section 1792, C. O. S. 1921, provides:

"Any person guilty of robbery in the second degree is punishable by imprisonment in the penitentiary not exceeding 10 years."

Defendants contend that the evidence of the state discloses that, if guilty of any crime, it was that of conjoint robbery, and that the court committed reversible error in refusing to instruct the jury upon such offense.

Section 1793, C. O. S. 1921, provides:

"Whenever two or more persons conjointly commit a robbery or where the whole number of persons conjointly committing a robbery and persons present and aiding such robbery amount to two or more, each and either of such persons is punishable by imprisonment in the penitentiary for not less than five years nor more than 50 years."

In Richards v. State, 22 Okla. Cr. 199, 210 Pac. 295, this court said:

"Penal Code (section 2373, Rev. Laws 1910), prescribing the punishment for robbery conjointly committed, is a statute of classification, and not of definition."

In the body of the opinion, referring to sections 1784 and 1793, the court says:

"It is apparent, without comment, that the last section above quoted is a statute of classification, and not of definition. It follows that conjoint robbery is not a distinctive offense, but is one of the methods of committing robbery, and it has been repeatedly decided by this court that the original complaint need not state the of-

fense charged in technical language, nor in such specific terms as is required in an information, and is sufficient where the jurisdictional facts appear and the crime is stated in ordinary language."

See, also, Randall v. State, 33 Okla. Cr. 262, 243 Pac. 983; Wells v. State, 34 Okla. Cr. 179, 245 Pac. 1007.

In Winfield v. State, 18 Okla. Cr. 257, 191 Pac. 609, this court said:

"Where there is a prosecution and conviction of robbery in the first degree, it is immaterial that the evidence would authorize a conviction of a codefendant of the commission of conjoint robbery, as robbery in either the first or second degree is necessarily included in the commission of a conjoint robbery, and, where the evidence on the part of the state clearly establishes all the essential elements of robbery in the first degree against the defendant on trial, he may be prosecuted and convicted of that included offense; such conviction being a bar to any subsequent prosecution for robbery conjointly committed in the same transaction."

Under the facts in the case at bar, the state might have elected to prosecute for conjoint robbery, but did not do so. The information charges robbery in the first degree, and the evidence of the state supports such charge, and the verdict of the jury finds the defendants guilty of robbery in the first degree.

In the State v. Bunch, 23 Okla. Cr. 388, 214 Pac. 1093, this court said:

"As between specified statutes prescribing different penalties for any offense, the state may elect to try the offender under either statute."

In Tipton v. State, 23 Okla. Cr. 86, 212 Pac. 612, 31 A. L. R. 1074, this court said:

"Where one is charged with robbery in the first de-

gree, the court committed no error in failing to instruct the jury, defining robbery in the second degree, when there was no evidence offered tending to show a lower degree of the offense."

It was not error, therefore, for the trial court to refuse to instruct the jury upon the law of conjoint robbery, as requested by defendants.

The other errors relied on by defendants being equally without merit, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.