WILLIE KERNELL v. STATE.

No. A-8204.   April 9, 1932.
(10 Pac. [2d] 287.)

R. S. Howe, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Choctaw county of robbery with firearms and was sentenced to serve a term of 5 years i nthe state penitentiary.

There is no substantial conflict in the testimony.   At the time charged, defendant, with another young man named Hart, drove to a filling station at Hugo conducted

by one Warren and had Warren put five gallons of gasoline in a car. Defendant and Hart remained at the filling station for some minutes and Warren demanded payment for the gas; defendant pretending to get a bill from his pocket to pay for the gas started the car and began to drive away. Warren jumped on the car and scuffled with defendant and continued to demand pay for the gas. Hart drew a pistol and attempted to make Warren get off the car, in which he was encouraged by defendant. Warren continued the scuffle, which resulted in running the car into a ditch. Hart testifying as a witness denied he drew a pistol; also there was some evidence that Warren had made a statement he did not see a pistol at the time of the alleged robbery.

Defendant is charged with robbery with firearms, as defined by section 1784, Comp. St. 1921, as amended by chapter 85, § 1, Session Laws 1923, and as further amended by chapter 44, § 1, Session Laws 1925; the charging part of the information is:

"* * * Did * * * commit the crime of robbery with firearms, in the manner and form as follows to wit: That he the said Willie Kernell did then and there willfully, wrongfully, unlawfully and feloniously make an assault in and upon one John Warren with a certain pistol, then and there and thereby putting the said John Warren in fear of immediate injury to his life and person, and did then and there willfully, wrongfully, unlawfully and feloniously take, steal and carry away from the person and in the possession of the said John Warren, certain personal property, to wit: Five gallons of gasoline, without said owner's consent and against his will, with the wrongful, unlawful and felonious intent on the part of him the said Willie Kernell to deprive the owner thereof, and to appropriate the same to his own use and benefit and contrary to the statute. * * *"

It is contended that the evidence does not prove a robbery with firearms; that the gas was sold in the usual course of trade and the original taking was not unlawful. That there is no allegation of retaining by force, and that the retaining by force is not an element of the crime of robbery with firearms, and that in any event such force as was used was an attempt to escape.

Robbery is defined by section 1784, Comp. St. 1921, and is divided into first and second degrees by section 1790, Comp. Stat. 1921. Section 1 of chapter 85, Session Laws 1923, as amended by section 1, chapter 44, Session Laws 1925, classifies a certain form of this crime as robbery with firearms and provides a different punishment ranging from a term of 5 years in the state penitentiary to death.

Section 1785, Comp. St. 1921, provides:

"To constitute robbery, the force or fear must be employed either to obtain or retain possession of the property, or to prevent or overcome resistance to the taking. If employed merely as a means of escape, it does not constitute robbery."

These various provisions of the statute have had the consideration of the courts in numerous decisions. In several of the following cases the distinction between robbery and larceny has been drawn; Slover v. Territory, 5 Okla. 511, 49 Pac. 1009; Monagham v. State, 10 Okla. Cr. 89, 134 Pac. 77, 46 L. R. A. (N. S.) 1149; Nelson v. State, 11 Okla. Cr. 259, 145 Pac. 315; Hill v. State, 19 Okla. Cr. 406, 200 Pac. 253; Randall v. State, 33 Okla. Cr. 262, 243 Pac. 983; Ward v. State, 34 Okla. Cr. 296, 246 Pac. 664; Kelley v. State, 47 Okla. Cr. 1, 288 Pac. 1001; Roberts v. State, 49 Okla. Cr. 181, 292 Pac. 1043.

The line of distinction between offenses is often very

close. A criminal act may in some cases constitute different offenses leaving an election to the state as to which offense will be charged. The demarcation between a robbery and a larceny from the person is very narrow. 23 R. C. L. 1139, in touching upon the distinction, says:

"The lack of consent, the force and violence used, or the putting in fear of the person robbed, distinguish the offense of robbery from extortion, obtaining goods under false pretense, and larceny. The distinction, however, between larceny and robbery is a nice one. The criterion which distinguishes these offenses is the violence which precedes the taking. There can be no robbery without violence, and there can be no larceny with it. It is the violence that makes robbery an offense of greater atrocity than larceny. Robbery may thus be said to be compound larceny composed of the crime of larceny from the person with the aggravation of force, actual or constructive, used in the taking."

Applying the provision of our statute, section 1785, supra, the foregoing quotation would have the added words "or the retaining thereof" as the concluding part. See, also, Nelson v. State, supra; 1 Whar. Crim. Law, 854.

The distinction is discussed in numerous illustrative cases cited in the notes 54 C. J. 1016, par. 24 f. The obtaining of the gasoline having been without force, but with the consent of the owner, the state of facts shown could only constitute robbery in case the resistance offered by defendant and his companion was to retain possession of the property and not as a means of escape. The prosecuting witness was not attempting to recover his property, but was demanding pay for it. The circumstances disclose that defendant and his companion were attempting to flee. Under no reasonable view of the evidence can it be said that defendant used force to retain possession of the property, but rather it discloses that such

force as was used was in an effort to escape. We are constrained to hold that the crime charged has not been proven.

The case is reversed.

DAVENPORT, P. J., and CHAPPELL, J., concur.