## WALKER LEE SMITH v. STATE.

No. A-9562.  Feb. 15, 1940.
(99 P. 2d 527.)

18

J. G. Austin, of Miami, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and Wm. E. Poteet, Co. Atty., of Miami, for the State.

BAREFOOT, J. Defendant, Walter Lee Smith, was charged in Ottawa county with the crime of robbery with a dangerous weapon; was tried, convicted and sentenced to serve a term of 15 years in the penitentiary, and has appealed.

For reversal of this case it is urged: First, that the court erred in permitting the state to introduce the witness Walter James Myers for the reason that the post-office address given for this witness at the time of the service of the list of witnesses was Picher, Okla., and that his proper post-office address was Angora Reformatory, Jefferson City, Mo. The record reveals that the list of witnesses and their post-office addresses was served on the defendant on the 10th day of November, 1937. The name of Walter James Myers was given as Picher, Okla. This was seven days before the trial was set in the fall of 1937.

An amended information was filed on the 17th day of November, 1937, and the name of this witness appears indorsed thereon. This information was filed several months prior to the trial, which was on March 31, 1938. The witness' home was in Picher. His parents lived at Picher. He had pleaded guilty in Missouri to the theft of an automobile, which was stolen at the time of the robbery of which defendant stands charged, and in which defendant was riding at the time of his arrest in Missouri.

This witness was sentenced to the reformatory from Lamar, Barton county, Mo., and had been there for nine months when the case was tried, but stated that his home was Picher, Okla., and his parents resided there. Defendant and his attorney could not have in any way been misled by this post-office address. Upon inquiry the parents of this witness could have supplied the information as to where he was. The defendant was personally aware of his address and whereabouts.

Defendant announced ready for trial, and made no objection that he was unable to locate the witness, nor did he file a motion for continuance. Under the decisions of this court, his failure to do this constituted a waiver of this constitutional right. In the case of Denton v. State, 58 Okla. Cr. 275, 53 P. 2d 1136, 1138, this court said:

"The purpose of the requirement that a list of witnesses be served is to apprise defendant who the witnesses are, where they may be found, and to enable him to investigate their testimony, their character, and credibility; it was never intended the provision should operate as a means to defeat justice by a too strict or technical construction. State v. Frisbee, 8 Okla. Cr. 406, 127 P. 1091; Galbert v. State, 12 Okla. Cr. 571, 160 P. 332."

The following cases fully support the rule above announced: State v. Frisbee, 8 Okla. Cr. 406, 127 P. 1091; Galbert v. State, 12 Okla. Cr. 571, 160 P. 332; Walker v. State, 10 Okla. Cr. 533, 139 P. 711; Strong v. State, 46 Okla. Cr. 167, 287 P. 1091; Little v. State, 25 Okla. Cr. 190, 219 P. 424; Franklin v. State, 9 Okla. Cr. 178, 131 P. 183.

In the second place, it is contended that the court erred in overruling the demurrer to the amended information. The charging part of the information was as follows:

"Said defendant then and there being, did then and there, on or about the said date, within the county and state aforesaid, did willfully, unlawfully, wrongfully, forcibly and feloniously make an assault upon and against the person of Albert Van Dorne with a dangerous weapon, to wit: a piece of iron pipe approximately eight inches long and one and one-half inch in diameter, on one end of which was screwed or fastened a reducer and into which reducer was screwed or fastened another piece of iron pipe approximately eight inches long and one and one-fourth inches in diameter, said pipe being then and there held in the hand or hands of the said defendants, and said defendants did strike and beat the said Albert Van Dorn with the aforesaid dangerous weapon on and about his head and body and did then and there willfully, unlawfully, wrongfully, forcibly and feloniously take, steal and carry away from the immediate person and presence of the said Albert Van Dorn personal property, to wit: one .41 caliber Colts revolver and one flashlight, with the willful, unlawful, wrongful, fraudulent and felonious intent on the part of the said defendants to deprive the said Albert Van Dorn thereof and to convert the same to their own use and benefit, contrary to the form of the statutes in such case made and provided, and against the peace and dignity of the state of Oklahoma."

This information was based upon Oklahoma Statutes 1931, sec. 2543, 21 Okla. St. Ann. § 801, which is as follows:

"Any person or persons who, with the use of any firearms or any other dangerous weapons, attempts to rob or robs any person or persons, or who robs or attempts to rob any place of business, residence or banking institution or any other place inhabited or attended by any person or persons at any time, either day or night, shall be guilty of a felony, and, upon conviction therefor, shall suffer punishment by death, or imprisonment, at hard labor, in the state penitentiary, for a period of time of not less than five years, at the discretion of the court, or the jury trying the same."

The general statute defining robbery is Oklahoma Statutes 1931, section 2542, 21 Okla. St. Ann. § 791, which is as follows:

"Robbery is a wrongful taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear."

This general statute defining robbery is the statute upon which all robbery cases are based. The statute under which the information in this case was filed is what is known as a statute of classification, and not definition. It does not supersede the statute defining robbery, but it only increases the punishment. The essential elements of robbery are as defined by the original statute. Randall v. State, 33 Okla. Cr. 262, 243 P. 983; Wells v. State, 34 Okla. Cr. 179, 245 P. 1007; Wissinger v. State, 39 Okla. Cr. 324, 264 P. 631; Kernell v. State, 53 Okla. Cr. 259, 10 P. 2d 287.

It is contended that the "nature of the weapon is not sufficiently described to bring it under this statute, but only alleges assault and battery." We cannot agree with this contention. It will be noted that the amended information particularly described the instrument used as "a piece of iron pipe approximately eight inches long and one and one-half inches in diameter," and on one end of which "was screwed or fastened a reducer and into which reducer was screwed or fastened another piece of iron pipe approximately eight inches long and one and one-fourth inches in diameter." This piece of iron was introduced in evidence and inspected by the jury. The jury was carefully instructed by the court that, if they did not find the instrument used to be a dangerous instrument, as provided by the statute, they could not find the defendant guilty under the statute. The court also submitted to the

jury as an included offense robbery in the second degree; giving the jury the opportunity to find the defendant guilty of a crime the punishment of which could have been not to exceed ten years in the penitentiary. Oklahoma Statutes, 1931, section 2551, 21 Okla. St. Ann., § 799.

The evidence discloses that the prosecuting witness was struck on the head by the iron above described. That his head was cut and it was necessary for him to remain in the hospital for several days by reason thereof. He was robbed of his pistol and a flashlight. The evidence further revealed that defendant believed at the time of the assault and battery that the prosecuting witness had upon his person a considerable sum of money, and that it was the intention of the defendant at the time of committing the assault to rob the prosecuting witness. He was frightened away only when the pistol of the prosecuting witness was discharged and people were attracted to him. Under the above statement we do not believe the court erred in overruling the demurrer to the information. While the iron pipe may not be a dangerous weapon "per se", the description and manner of its use in this case convinced the jury that it was. Cotton v. State, 22 Okla. Cr. 252, 210 P. 739; James v. State, 47 Okla. Cr. 164, 286 P. 912; Spencer v. State, 49 Okla. Cr. 208, 293 P. 278.

The contention that the phrase in the statute, "any other dangerous weapon," is governed and controlled by the words immediately preceding it, and those general words being "firearms," that when the term "any other dangerous weapon" was used it was intended to have reference to a "firearm" of some description, cannot be sustained. It was the evident intention of the Legislature by the use of the term "any other dangerous weapon" to mean any instrument which one might use, and with which bodily harm could be inflicted to the extent of injuring or

putting one in fear of their life, or great bodily harm. The question of whether the instrument used was of that character was for the consideration of the jury under proper instructions of the court, as was done in the instant case.

We have carefully examined the instructions given by the court and the requested instructions offered by defendant. Defendant in his brief does not point out any error in the general instructions, nor does he cite any authorities in reference thereto. These instructions presented to the jury the issues in a fair manner. Every right of the defendant was protected. As an included offense the court submitted the question of robbery in the second degree. Under this charge it would have been possible for the jury to have assessed the punishment at any time not to exceed ten years in the penitentiary.

This defendant could have been charged under the statute known as conjoint robbery, two or more having participated therein. Oklahoma Statutes 1931, section 2552, 21 Okla. St. Ann. § 800. The punishment under this statute is not less than five years in the penitentiary nor more than 50 years.

The court charged the jury that the witness Walter James Myers was an accomplice as a matter of law, and that it would be necessary for his evidence to be corroborated. The evidence clearly corroborated this witness. He was positively identified by the prosecuting witness as the party who assaulted and robbed him.

There was no reason for the court under the facts to submit the question of simple assault and battery as requested by defendant. The jury assessed the punishment at 15 years in the penitentiary, finding the defendant guilty of robbery by use of a dangerous weapon. The

evidence revealed a robbery by this defendant and others of a man 60 years of age, who was a watchman for a mining company near Picher in Ottawa county. He was assaulted and struck on the head with a piece of iron, and robbed of his pistol and flashlight. The defendant believed he was carrying a large sum of money at this time, and this was the reason for the robbery. Defendant and his companions escaped into Missouri, where they were apprehended. They used a stolen car to make their retreat. It does not occur to us that the punishment of 15 years as assessed by the jury is excessive, as urged by counsel for defendant.

We are justified in saying that counsel for defendant was appointed by the court. He has discharged his duty in a capable and highly efficient manner. Every right of defendant has been protected.

The judgment of the district court of Ottawa county is affirmed.

DOYLE, P. J., and JONES, J., concur.