## FLOSSIE CANNON v. STATE.

No. A-9723.  Nov. 27, 1940.
(107 P. 2d 809.)

Mac Q. Williamson, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and Sim T. Carman, Co. Atty., of Pawhuska, for the State.

Carl C. Wever, of Pawhuska, for defendant.

BAREFOOT, J. Defendant was charged in Osage county with the crime of robbery with firearms, was tried, convicted and sentenced to serve a term of five years in the penitentiary, and has appealed.

The information filed against the defendant was based on Oklahoma Statutes 1931, sec. 2543, O. S. A. title 21, sec. 801, which is as follows:

"Any person or persons who, with the use of any firearms or any other dangerous weapons, attempts to rob or robs any person or persons, or who robs or attempts to rob any place of business, residence or banking institution or any other place inhabited or attended by any person or persons at any time, either day or night, shall be guilty of a felony, and, upon conviction therefor, shall suffer punishment by death, or imprisonment, at hard labor, in the State Penitentiary, for a period of time of not less than five years, at the discretion of the court, or the jury trying the same."

The general statute defining robbery is Oklahoma Statutes 1931, sec. 2542, O. S. A. title 21, sec. 791, which is as follows:

"Robbery is a wrongful taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear."

In the case of Smith v. State, 69 Okla. Cr. 17, 99 P. 2d 527, 529, speaking with reference to the above statutes, this court said:

"This general statute defining robbery is the statute upon which all robbery cases are based. The statute under which the information in this case was filed is what is known as a statute of classification, and not definition. It does not supersede the statute defining robbery, but it only increases the punishment. The essential elements of robbery are as defined by the original statute. Randall v. State, 33 Okla. Cr. 262, 243 P. 983; Wells v. State, 34 Okla. Cr. 179, 245 P. 1007; Wissinger v. State, 39 Okla. Cr. 324,

44

264 P. 631; Kernell v. State, 53 Okla. Cr. 259, 10 P. 2d 287."

The information filed in this case charged:

"* * * On or about the 15th day of January, 1939, in said county and state, the defendants, Flossie Cannon, colored, and Gladys Doe, whose more true and correct name is to affiant unknown, colored, then and there being, did then and there wrongfully, willfully, unlawfully, and feloniously, while acting together by means of threats and violence toward the person of T. E. Morgan by the use of some dangerous and deadly weapon, the exact nature of which is unknown to affiant, and by pointing said weapon at the said T. E. Morgan thereby putting the said T. E. Morgan in fear of immediate personal injury to himself, take $26 in good and lawful money of the United States, the property of the said T. E. Morgan, from the person and immediate presence of the said T. E. Morgan, and against his will, with the unlawful, wrongful and felonious intent then and there on the part of them, the said defendants, and each of them, to convert said property to their own use and to deprive the owner permanently thereof, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the state."

Defendant does not question the sufficiency of the information or the correctness of the instructions given by the court. It is only contended that the evidence is insufficient to support the conviction, and that under the evidence defendant should have been charged with larceny and not with robbery.

To sustain this last proposition the following cases are cited: Nelson v. State, 11 Okla. Cr. 259, 145 P. 315; Monaghan v. State, 10 Okla. Cr. 89, 134 P. 77, 46 L. R. A., N. S., 1149; and Kernell v. State, 53 Okla. Cr. 259, 10 P. 2d 287. A careful reading of these cases reveals that the facts are materially different to those presented in the case at bar. In those cases there was no evidence that anything was done by defendant to put the party

from whom the property was taken, in fear. Here the evidence revealed that defendant, at the time she entered the automobile, had in her hand a bright object which was concealed under her coat sleeve as she placed this instrument in the side of the prosecuting witness and directed him to drive on. The prosecuting witness testified:

"* * * This one here had a coat on and apparently had something in her hand or in her sleeve and jobbed me and said go in this side, go this way, hurry up, go this way and she pointed east."

That it had the appearance of a gun, and he believed it was one, and for fear of his life, he did as he was told, and under these circumstances he was robbed of his money. Under these facts there can be no question but that the defendant was guilty of robbery and not of larceny. The three cases above cited discuss fully the distinction between robbery and larceny from the person. Often the distinction between these crimes is very close. To constitute robbery the taking is accomplished either by force or by putting in fear. The violence or intimidation in robbery must precede or be contemporaneous with the taking of the property. The violence must be actual, personal violence, but the degree of force used is immaterial, except under statutes which provide for a punishment varying with the violence which accompanies the taking. If putting in fear is proved the offense is robbery.

In a late case decided by this court, Marks et al. v. State, 69 Okla. Cr. 330, 102 P. 2d 955, this question is fully discussed, and many of the earlier decisions of this court and the leading textwriters are reviewed and cited. It is unnecessary to quote from this opinion. It may be read by those who desire to do so.

The contention of the defendant that the evidence in this case was insufficient to sustain the judgment and sen-

tence, and that the court erred in failing to sustain the demurrer to the evidence of the state, cannot be upheld. The jury heard this evidence and returned a verdict giving defendant the minimum punishment permitted under the statute, of five years in the penitentiary. Oklahoma Statutes 1931, sec. 2543, O. S. A. title 21, sec. 801.

The facts reveal that defendant and her codefendant entered the automobile of the prosecuting witness when he stopped at a stop line in the city of Pawhuska about 8 or 8:30 on the night of January 15, 1939. They entered without his consent, and defendant immediately placed in prosecuting witness's side a bright, colored instrument which was concealed by her coat sleeve, and which the prosecuting witness thought was a gun. She demanded of him that he drive straight ahead. He was forced to drive to the outskirts of the city and was robbed by the two women defendants of the sum of $26. After the robbery was committed, a fight ensued between the prosecuting witness and the two defendants. The codefendant Gladys Doe, who escaped and was not apprehended, was cut by the prosecuting witness. Defendant was twice knocked down by him. The officers of the city and county came to the scene soon after the robbery, which was reported by the prosecuting witness. The defendant was apprehended in the kitchen of a nearby restaurant. Her knife and the $26 taken from the prosecuting witness were found in a garbage can. The defendant admitted putting them there. Her explanation of how she found the money after it was dropped by her codefendant, whom she claimed had taken it from the prosecuting witness, was evidently not believed by the jury, and justly so. The evidence fully justifies the verdict rendered in this case.

The defendant and her codefendant evidently entered the automobile of the prosecuting witness with the inten-

tion of robbing him. They carried out this purpose. The defendant had previously been convicted of a felony and had served two years in the penitentiary. Her evidence with reference to what happened was evidently and rightfully disregarded by the jury. The conduct of the prosecuting witness at the time of the robbery, his immediate report to the officers, and his appearance at the trial to testify were strong circumstances that his testimony was true as to what happened at the time.

Finding no error in the record, we are of the opinion that judgment and sentence of the district court of Osage county should be affirmed, and it is so ordered.

DOYLE, P. J., and JONES, J., concur.