## NEAL SEBERT v. STATE.

No. A-5193.  Opinion Filed Nov. 5, 1925.
(240 Pac. 1093.)

L. C. McLean, for plaintiff in error.

The Attorney General, for the State.

BESSEY, P. J.   The plaintiff in error, defendant in the trial court, was convicted of the unlawful sale of one pint of whisky, with his punishment fixed at 30 days in jail and a fine of $50.

Where the only witness for the state is a hired detective, employed to entrap the accused and others, who after previous failures to purchase whisky from the defendant in the presence of witnesses claims that he purchased a pint of whisky from the defendant in his place of business while there alone with him, and not in the presence of any other witness, and where it appears that the detective had no definite recollection of the time of day of such purchase, as shown by his own testimony, "I don't remember the time of day; I guess it was about the middle of the afternoon," the accused, under such circumstances, has a right to show on cross-examination, if he can, that the detective had been drinking to excess that day, both before and after the time so fixed, for the purpose of showing whether the recollection of the witness is clear, and generally to test the credibility of his testimony as a whole.

The conduct of an accusing witness which has a tendency to explain or throw light upon the transaction about which he is testifying is admissible in evidence, and such conduct is not necessarily confined to the res gestae. For a full discussion of this subject and the authorities thereon, see the case of Prochneau v. State, 32 Okla. 210, 240 P. 1090.

The testimony on the part of the state is of doubtful probative force.   The defendant denied the transaction. He also testified that he had never been convicted of a violation of the prohibitory law, and in this he was not impeached.   Defendant also introduced evidence tending to

impeach the truthfulness and good faith of this detective. Under such circumstances, it was error for the court to exclude testimony of the character mentioned.

The cause is reversed and remanded, with instructions to dismiss.

DOYLE and EDWARDS, JJ., concur.