## WALTER SMITH v. STATE.

No. A-6221.   Opinion Filed April 28, 1928.
(266 Pac. 787.)

. See, also, 31 Okla. Cr. 132, 237 P. 464.

Eaton & Cavanaugh, for plaintiff in error.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the superior court of Okmulgee county of manslaughter in the first degree and his punishment fixed at imprisonment in the state penitentiary for a term of six years.

The following in a brief review of the facts as disclosed by the record:   On the date charged Walter Ingram, the deceased, a man about 30 or 32 years of age, went to the residence of Ed. Woods in the city of Henryetta.   He appeared to have been somewhat intoxicated, and he and Woods had a quarrel, in which Ingram claimed Woods owed him 50 cents for some work previously done.   After some colloquy, Ingram left the house and

went up the street, and there he and Woods again met and the quarrel was renewed. Woods left and had gone some 15 or 20 steps when defendant, a cripple walking on crutches, a brother-in-law of Woods, with his wife and sister-in-law, a girl about 13 years of age, came along. There is some evidence that Ingram addressed a remark to the girl calling her a "bitch." Some of the witnesses testify that as defendant approached he had his knife open in his hand, and, while they did not hear the remark addressed to the girl, heard defendant say, "You can't insult this little girl in my presence, you son of a bitch;" and he immediately struck at Ingram with the knife. That defendant locked his left arm around the neck of Ingram and they fell to the ground, defendant all the time cutting him with a knife. At this time Woods returned to the scene and had started to pull Ingram loose from defendant, who said: "Let the son of a bitch alone; I will get him off." Woods then hit Ingram in the head with a rock, who then got up, and defendant struck him in the face with one crutch and told him to come back and he would try the other. Ingram walked a few steps and fell.

Defendant testified in substance: That he did not know about the previous difficulty between Woods and Ingram. That as he reached Ingram he made an insulting remark to his sister-in-law, and defendant thereupon remonstrated with him. That Ingram then turned upon him with an opprobrious epithet, and that he struck at him and missed. That Ingram caught him and they fell to the ground. He then got out his knife and opened it with his teeth and began cutting. That Ingram was a large man, and on account of his own crippled condition he belived it was necessary to use his knife to protect himstlf from great bodily harm. There was on the person of Ingram 10 or 11 knife wounds and another serious wound on the head evidently caused by the rock in the hands of Woods. From the wounds inflicted he died in a short time after the difficulty.

Counsel for defendant first argued that the court in some instances unduly restricted the cross-examination, particularly in limiting the details of the quarrel between Woods and deceased. It is insisted that this was material as showing the frame of mind of the parties and as shedding light on who was the aggressor in the difficulty. The force of this contention is weakened, however, by the fact that defendant has testified that he did not know about the difficulty between Woods and deceased at the time of the homicide. The cross-examination was too closely restricted. Rogers v. State, 8 Okla. Cr. 226, 127 P. 365; Tallon v. State, 22 Okla. Cr. 89, 210 P. 309; Grim v. State, 32 Okla. Cr. 297, 240 P. 1093. The questions excluded were not followed up by any offer of proof, and the error, if materially prejudicial, has been waived. Stouse et al. v. State, 6 Okla. Cr. 415, 119 P. 271; Wissinger v. State, 39 Okla. Cr. 324, 264 P. 631.

It is next argued that the court in the course of the trial made remarks prejudicial to the defendant. The trial was not conducted with that courtesy and decorum that should be observed. The assistant county attorney representing the state was too persistent in objections and in making comments or remarks to opposing counsel, who also in a few instances offended against the proprieties. The court also in ruling several times made remarks which were better left unsaid. But in some instances the jury were withdrawn before comments were made. The cause, however, should not be reversed for this or any other reason apparent in the record.

Some of the errors are discussed in the brief, but they are not of sufficient importance to require a special discussion. In the light of all the evidence and the proceeding, we believe that justice requires that the punishment of six years assessed should be reduced to four years, and, as modified, the case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.