## WATIE ROSS v. STATE.

No. A-4854.   Opinion Filed July 3, 1925.
(237 Pac. 469.)

Leahy & Brewster, and D. G. Elliott, for plaintiff in error.

George F. Short, Atty. Gen., and Chas. Hill Johns, Asst. Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, for convenience and brevity, will be referred to as defendant, as in the court below.

On the 9th day of February, 1922, the Bank of Adair was held up and robbed by three persons, who drove up near the bank in an automobile, and two of them went into the bank, which was in charge of Faye Godsey, assistant cashier.   The two who entered the bank pointed a pistol at her and ordered her to "stick 'em up."   One of them went behind the rail, ordered her to step out of the way, and she did so, and sat down in a chair.   They then took the money from the tray, inquired if there was anything

in the safe, and, on being told there was, one of them went outside the rail with her and took the money out of the safe, during which time one of the robbers kept her covered with a pistol. When she had given them the money out of the safe, they ordered her to go into the vault, and they then shut the door and left. $2,100 was taken from the bank. The defense was an alibi.

Only two assignments of error are urged: First, that the court erred in excluding competent and material evidence offered by defendant. Second, that the testimony is insufficient to support the verdict for the reason that the identification of defendant was not definite, and there was no proof of the use of force or fear. These assignments of error will be considered as presented.

The first assignment of error is predicated upon the exclusion by the trial court of what is referred to as Exhibit I. As a part of his alibi, the defendant sought to show that he was physically unable to have participated in the robbery; that he had sustained an injury to one of his legs and on the day prior to the robbery had an X-ray picture taken; that his physician had furnished him a statement or memorandum for services rendered, the last date of which was on the day preceding the robbery. The defendant testified he received this from the bookkeeper of his physician, and had the statement marked Exhibit I, offered in evidence, and which, on objection, was excluded, the contention being that, if it had been admitted it would have strengthened the testimony of the defendant, citing: First Nat. Bank of Enid v. Yeoman, 14 Okla. Cr. 626, 78 P. 388; Boone v. State, 15 Okla. Cr. 29, 175 P. 61.

The record, however, does not contain Exhibit I. We are not able to tell whether or not it was admissible in evidence. It is well settled that, when an offer of evidence is made and excluded by the trial court, if the defendant desires to preserve a record for appeal, he should state, in

substance, what the witness would testify to should he be allowed to testify. Robinson v. State, 8 Okla. Cr. 673, 130 P. 124, states the rule in this wise:

"When objections to a question are sustained, if it is intended to reserve the question as to the competency of the testimony sought to be introduced for review upon appeal, an offer of what the testimony of the witness would have been, had he been permitted to answer, must be made."

It is obvious that, where the offer is in writing, it should be incorporated in the case-made so that the appellate court may pass on its admissibility. When this is not done, the question is not properly preserved.

Upon the second assignment, i. e., the insufficiency of the evidence, it is first argued that the defendant was not sufficiently identified. An examination of the record discloses that Faye Godsey, the assistant cashier in charge of the bank, identified the defendant as one of the persons in the bank. J. I. Wilbur, operating a shoe and leather shop near the bank, also identified the defendant, and Emma Wilbur, his 9 year old daughter, while in some particulars conflicting with the testimony of her father, testified that one of the men that got out of the car walked with a limp. This was a particularly strong circumstance against the defendant, as under his testimony he had hurt his leg and walked with a limp.

The rule of this court is that, where there is legal evidence from which the jury may logically find the guilt of a defendant, the verdict of the jury will not be disturbed. The questions of fact, the weight of the evidence, and the credibility of the witnesses are matters for the determination of the jury.

The defendant was prosecuted under sections 1784, 1787, and 1793, Comp. St. 1921, as follows:

"1784. Robbery is a wrongful taking of personal property in the possession of another from his person or immediate presence and against his will, accomplished by means of force or fear."

"1787. The fear which constitutes robbery may be either:

"First. The fear of an unlawful injury, immediate or future, to the person or property of the person robbed or of any relative of his, or member of his family; or,

"Second. The fear of an immediate and unlawful injury to the person or property of anyone in the company of the person robbed, at the time of the robbery."

"1793. Whenever two or more persons conjointly commit a robbery or where the whole number of persons conjointly committing a robbery and persons present and aiding such robbery amount to two or more, each and either of such persons is punishable by imprisonment in the penitentiary for not less than five years nor more than fifty years."

It is here contended that the testimony is insufficient to support the verdict, for the reason that there is no sufficient proof of force or fear in the taking of the money. That there was no force employed, and, as the witness Faye Godsey testified that the two men who came into the bank told her that they were not going to hurt her, did not threaten her, and as she was not afraid of them, there is not a sufficient proof of fear. This witness testified that she was not afraid of the men so long as she did what they told her to do, and that she turned the money over to them because their guns were in evidence. This, defendant contends, may prove a case of larceny, but not robbery, citing Monaghan v. State, 10 Okla. Cr. 89, 134 P. 77, 46 L. R. A. (N. S.) 1149, and Nelson v. State, 11 Okla. Cr. 259, 145 P. 315. This witness displayed great poise and coolness under the circumstances. She apparently was imbued with the idea that the persons who came into the bank, pointing a gun at her, with the command "stick 'em up," were after

the money in the bank, and that if they could procure the money there would be no reason to hurt her. This is common sense. She also apparently realized that, if she attempted to resist, violence sufficient to overcome her resistance would be made. What fear or degree of fear is sufficient to constitute robbery is not a new question. It has been held that, if there is an assault which would furnish a reasonable ground for fear, the robbery is complete. First Bishop (9th Ed.) § 438 (2) ; Tones v. State, 48 Tex. Cr. R. 363, 88 S. W. 217, 1 L. R. A. (N. S.) 1024, 122 Am. St. Rep. 759, 13 Ann. Cas. 455.

In State v. Lamb, 141 Mo. 298, 42 S. W. 827, it is held:

"Where an indictment charges a robbery to have been done violently and against the will, actual fear on the part of the person from whom the property was taken need not be proved, but will be presumed."

See, also, State v. Kennedy, 154 Mo. 268, 55 S. W. 293.

In this case it was not essential to constitute robbery that the custodian of the money taken become hysterical and believe that she would meet death if she failed to immediately respond to the demands made. It is sufficient if the demand, with the display of firearms as shown by the evidence, caused her to stand aside and permit the money in her custody to be taken in the manner disclosed by the evidence. The delivery or taking the money is not rendered voluntary because the witness did not see fit to endanger her safety by attempting to resist. A threat may be made and be just as potent by some act or gesture as if made by words; and fear in a legal sense may result from such a threat, although the person threatened may maintain composure. A defendant will hardly be heard to say that, by holding up another at the point of a gun, and taking property from his person or immediate presence, he is not guilty of robbery, merely because the person robbed was able to exercise self-control.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.