## CORDON EDWARDS v. STATE.

No. A-8569.  Oct. 6, 1933.
(25 Pac. [2d] 800.)

Jno. L. Ward, Oran N. McCain, and Wayne Evans, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J. Plaintiff in error, hereinafter called defendant, was convicted in the district court of Tulsa county of robbery with firearms, and was sentenced to serve a term of ten years in the penitentiary.

Defendant, jointly with Roy Kennedy and Charlie Martin, was charged by indictment with the robbery of Emile Meyer. On the date charged, the three named, about the hour of 2 a. m., entered the restaurant of Meyer, in which, at the time, Meyer, his cook and a porter, were preparing to close for the night. Martin and Kennedy were in advance of defendant. They went to the rear, required the cook and porter to go to the front and to lie down behind the counter. Defendant came in with a pistol in his hand, put it to the back of Meyer, and compelled him also to go behind the counter, and, while in this position, Meyer testified defendant reached around and took out of his pocket about $35 in money; and at about this time Kennedy and Martin went to the cash register and rifled it of about $50. The three then left the restaurant. Defendant was tried separately. He did not take the stand or offer any testimony.

It is argued the testimony is insufficient in failing to show threats or conduct by defendant which would constitute the crime of robbery. Under this assignment defendant argues there is no testimony showing concert of action or connection between Kennedy, Martin, and the defendant, and that it is not shown defendant made any threats to injure Meyer nor that Meyer was put in fear. The applicable statutes are sections 2542, 2544, and 2546, Okla. St. 1931. There is no question but that this robbery was committed by the use of firearms. Defendant put a pistol to the back of Meyer, and at this time Meyer testified defendant put his hand in his pocket and took

some money. Defendant contends that, since Meyer's back was turned at the time, there is no sufficient proof that defendant took the money from Meyer's pocket. The point is immaterial. Under the evidence it would make no difference, so far as defendant is concerned, whether he or Kennedy took the money from Meyer's pocket.

Upon the question of fear, this court in the case of Ross v. State, 31 Okla. Cr. 143, 237 Pac. 469, held:

"Where a pistol is pointed in a threatening manner at an owner or custodian of money, who thereupon permits it to be taken, such act is 'robbery,' although the custodian or owner may not be in actual fear, since fear is presumed where such act is committed violently and against the will of the person robbed"—citing authorities in support, which case was followed in Wissinger v. State, 39 Okla. Cr. 324, 264 Pac. 631.

Considering the contention that no concert of action between defendant and Kennedy and Martin is shown, while it is true that robbery, commonly referred to as hijacking, is all too prevalent, yet we cannot believe it is so common that two different parties, acting independently, unknown to each other, and at the same time, could rob the same victim. Yet this is the force of defendant's argument when he asserts there is no proof of concert of action.

The contention is made that the court erred in the admission of and in exclusion of testimony. We have examined closely all the matters pointed out under this assignment. As stated, defendant offered no testimony, but in the course of the examination of the witness Taylor, negro porter, by defendant's counsel, the question of the height of defendant was being inquired into, and counsel had Taylor and the defendant stand up back to back that their comparative height might be shown the jury. He

then asked Taylor if defendant was not three or four inches taller. An objection was sustained. Counsel then offered to prove that, if permitted to answer, the witness would testify in the affirmative. It is argued this is prejudicial. The evidence sought to be elicited would tend to affect the credibility of the witness upon an immaterial point, but in any event it was purely demonstrative; the jury could see the difference in height as well or better than the witness could. The other points made on the admission or rejection of testimony are equally without merit.

Lastly, it is contended that counsel for the state committed prejudicial error in his argument in commenting indirectly on the failure of defendant to testify and in the use of argument calculated to arouse the prejudice of the jury. Numerous objections were made in the course of the argument, most of which were overruled. In no instance did defendant's counsel move the court to instruct the jury not to consider the claimed objectional remarks.

We do not deem it necessary to set out the matter objected to, but we are satisfied none of it amounts to a comment, either directly or indirectly, on the failure of defendant to testify; that none of it is objectionable as tending to arouse passion or prejudice of the jury. On the whole case it clearly appears defendant had a fair trial. The verdict is amply supported by the evidence.

The case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.