**Dale Avon WOODS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–77–500.**

Court of Criminal Appeals of Oklahoma.

Sept. 20, 1977.

Michael T. Braswell, Porter & Braswell, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

Appellant, Dale Avon Woods, hereinafter referred to as defendant, was charged in the District Court, Oklahoma County, Case No. CRF–76–3864, with the offense of Robbery in the First Degree, in violation of 21 O.S.1971, §§ 791 and 797. The case was tried to a jury, and a guilty verdict was returned. Punishment was assessed at five (5) years' imprisonment. From judgment and sentence defendant has perfected an appeal to this Court.

Elizabeth Harris was first to testify, stating that she lived in Ardmore, Oklahoma, and was visiting her son David in Oklahoma City on October 15, 1976. She stated that David lived in the 400 block of N.W. 25th Street. Around 10:30 p. m. on that date after doing some shopping, she and a companion, Bernice Neff, returned to her son's apartment. As she parked the car, she observed a young black male, whom she identified as the defendant, step out of an apartment located two doors down from her son's. The two women waited in the car until the man walked by and then got out and walked towards her son's apartment. The witness stated that she stooped to pick up her dog and heard at that time a loud flapping noise. As she turned she observed Mrs. Neff start to fall. The witness prevented the fall by grabbing Mrs. Neff's dress. The witness then noticed that her own purse was missing. She screamed quite loudly, "My God. He stole my purse." Defendant stopped running for an instant when he heard her scream and turned and faced the witness. Mrs. Harris stated that defendant stopped in front of the apartment from which she had originally seen him leave. He carried her purse in his left hand. The witness began chasing him, but he ran down an alley and she could not catch him. The witness then went back to Mrs. Neff, who had lost consciousness. Her son came out of his apartment and eventually called the police. The witness stated that the lighting conditions around the apartment were good, and that she had clearly observed the defendant. Further, she stated that on occasions past, while visiting her son, she had seen the defendant in the neighborhood. The witness also stated that she had $800.00 in her purse, that neither the money nor the purse had ever been recovered, and that she did not give defendant permission to take it. Lastly, she testified that she had occasion to identify defendant in a lineup.

Tommy Lee Johnson, police officer with the Oklahoma City Police Department, testified as to his investigation. He received a description and noted that Mrs. Neff had a large gash in her head. Several days later, he arrested defendant at his apartment, which was only several doors away from where the purse snatching had occurred. The officer stated that when he first confronted defendant, defendant gave him a false name. Subsequently, he searched defendant's apartment, but nothing incriminating was revealed. Following this witness' testimony the State rested.

The defendant and four witnesses testified that at the time of the robbery he and they were playing dominos. The defendant denied committing the crime and stated that he had had no prior trouble with the law. Defendant also presented his mother and his employer as character witnesses.

■ Defendant's first assignment of error is that the evidence is insufficient in that an essential element of the crime was not proved. Title 21 O.S.1971, § 791, defines robbery as follows:

> "Robbery is a wrongful taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear."

Title 21 O.S.1971, § 792, states the manner in which the force or fear must be employed:

> "To constitute robbery, the force or fear must be employed either to obtain or retain possession of the property, or to prevent or overcome resistance to the taking. If employed merely as a means of escape, it does not constitute robbery."

Title 21 O.S.1971, § 793, states that the degree of force is immaterial.

We are of the opinion that the evidence, as outlined above in the testimony of Mrs. Harris, was sufficient to prove each and every element of robbery by force or fear. Mrs. Harris stated that she was carrying her purse on her arm and that the purse strap was over her shoulder. Defendant ran up, apparently hit Mrs. Neff, and "snatched" Mrs. Harris' purse. The fact that Mrs. Harris did not realize immediately that her purse had been taken was immaterial. Sections 792 and 793 state that it is robbery if force, no matter how slight, is used to obtain the property. We are of the opinion that sufficient evidence was presented which would enable the jury to conclude that defendant took personal property from the possession of another through the use of force and without consent.

 Defendant's second assignment of error is that the trial court erred in failing to instruct on lesser included offenses. No request for such instructions was made at trial. Defendant's case, which was alibi, did not suggest any lesser included offenses. In fact, defendant's brief does not even suggest what lesser included offenses should have been included in the instructions. We are of the opinion that under the evidence presented the instructions fairly and adequately stated the applicable law. The evidence was such that it showed robbery by force or fear or nothing. It is not error to fail to give instructions on lesser included offenses when the evidence does not warrant the giving of the instruction. *Parrott v. State*, Okl.Cr., 522 P.2d 628 (1974).

 Defendant's third assignment of error is that the verdict is not supported by the weight of the evidence. Be that as it may, this Court does not "weigh" evidence. *Young v. State*, Okl.Cr., 531 P.2d 1403 (1975).

 Defendant's fourth assignment of error, that the jury obviously "ignored" the instruction concerning reasonable doubt, is likewise without merit, as are his contentions that the punishment is excessive (he received the minimum provided by law),

and that his demurrer to the evidence should have been sustained.

For the foregoing reasons the judgment and sentence is *AFFIRMED.*

BUSSEY, P. J., concurs.