**Clifton Sunny ANDERSON, Appellant,**

**v.**

**STATE of Oklahoma, Appellee.**

**No. F–83–194.**

Court of Criminal Appeals of Oklahoma.

April 21, 1986.

Rehearing Denied June 23, 1986.

Mark Barrett, Norman, for appellant.

Michael C. Turpen, Atty. Gen., F. Andrew Fugitt, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Judge:

Appellant, Clifton Sunny Anderson, was convicted in the District Court of Oklahoma County, Case No. CRF–82–5088, of Robbery with Firearms, After Former Conviction of a Felony, pursuant to 21 O.S.1981, § 801. The appellant was tried by jury and represented by counsel. A sentence of thirty-eight (38) years' imprisonment was imposed and he appeals.

Clifton Sunny Anderson spent most of the evening of October 8, 1982, in the immediate vicinity of the Studio 56 Club in Del City after being denied admission when he allegedly refused to pay the admission charge. At some point during the evening Anderson entered the club, but he was later ejected when he became involved in a confrontation. Anderson immediately reentered the club waiving a revolver. He then snatched approximately $75 from a club employee whose hands were raised in a gesture of submission.

Appellant's first five propositions may all be treated together as all relate to his being represented by counsel. He asserts that: 1) the trial court forced appellant to be represented by such counsel; 2) the trial court denied appellant the right to representation by counsel of his choice; 3) the trial court failed to grant appellant a continuance until his retained counsel could be present; 4) the trial court failed to make sufficient inquiry and failed to allow appellant sufficient input into the non-appearance of retained counsel; and, 5) the appointed counsel was not effective.

A review of the record failed to produce support to the fundamental principle of several of appellant's assertions. Appellant withdrew his request for the removal of his court-appointed attorney and accepted the trial court's offer which allowed appellant to participate in the examination of witnesses through his attorney and to personally participate in closing arguments. Since there is no constitutional right to representation partially pro se and partially by counsel, we are of the opinion that such a proposal by the trial court is indicative of its avoidance of abuse of its discretion. *See Bowen v. State*, 606 P.2d 589 (Okl.Cr.1980).

The trial court deferred the matter of Anderson's representation to the presiding judge who conferred with appointed and prosecuting attorneys. The trial court further instructed appointed counsel to

present as evidence to the presiding judge Anderson's receipt of retainer. The trial court also instructed relatives of appellant to telephone his retained counsel and inform him that the case had come to trial. The court pointed out that appellant's retained counsel, Mr. Jack Thorne, had not made an appearance in the courthouse for quite some time.

■ Appellant's assertion that the trial court abused its discretion by refusing his request for a continuance in order to locate his retained counsel will not be disturbed on appeal as it is obvious such denial was neither arbitrary nor capricious since appointed counsel was present and prepared to defend him. *See Lewis v. State,* 574 P.2d 1063 (Okl.Cr.1978).

■ The issue that appellant feels requires an evidentiary hearing, the right to representation by counsel of his choice, was argued before the trial court as well as the presiding judge where a decision was reached against him. The affidavits submitted to this Court are outside of the record and lack a proper basis for determination by this Court. *Stafford v. State,* 665 P.2d 1205 (Okl.Cr.1983), *vacated on other grounds,* 467 U.S. 1212, 104 S.Ct. 2651, 81 L.Ed.2d 359 (1984).

■ Appellant contends that his Sixth Amendment right to effective assistance of counsel was violated. Cited on appeal as evidence of inadequate representation were trial counsel's lack of sufficient time to prepare, trial counsel's failure to produce important evidence in support of the defense theory, trial counsel's failure to excuse certain jurors, trial counsel's failure to contact key witnesses, and trial counsel's failure to object to Jury Instruction No. 6.

We have examined these allegations as they pertain to the entire record and find they do not establish incompetency of counsel under the test pronounced by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland,* the benchmark for judging claims of ineffectiveness is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." 466 U.S. at 686, 104 S.Ct. at 2064.

Pointing out an alleged insufficiency of time, possible errors in counsel's judgments, and a failure to present allegedly important evidence when examined in light of our disposition of the appellant's prior contention regarding evidence that is not on the record, does not demonstrate inadequate representation utilizing the *Strickland* standard. Petitioner has not met his burden of showing that the decision reached "would reasonably likely have been different absent the asserted errors." 466 U.S. at 696, 104 S.Ct. 2069.

■ Appellant next maintains that the State failed to present sufficient evidence to prove the fear element of the robbery. 21 O.S.1981, § 801 provides in pertinent part:

> Any person or persons who, with the use of any firearms or any other dangerous weapons, whether the firearm is loaded or not, or who uses a blank or imitation firearm capable of raising in the mind of the one threatened with such device a fear that it is a real firearm, attempts to rob or robs any person or person, or who rob or attempts to rob any place of business, residence or banking institution or any other place inhabited or attended by any person or persons at any time, either day or night, shall be guilty of a felony, and, upon conviction therefor, shall suffer punishment by imprisonment for life at hard labor, in the State Penitentiary, or for a period of time of not less than five (5) years, at the discretion of the court, or the jury trying the same.

A careful review of the trial transcript reveals that Mr. Waterhouse, the victim, raised his hands because he thought Anderson was going to shoot him. When Waterhouse raised his hand, Anderson grabbed the money from him and ran. Such testimony can only be interpreted as being indicative of fear on the part of the victim. This Court has consistently held that fear is presumed on the part of a victim when a

firearm is pointed at him. *Edwards v. State*, 55 Okl.Cr. 110, 25 P.2d 800 (Okl.Cr. 1933). This proposition is therefore without merit.

■ Appellant maintains that the trial court's Instruction No. 6 does not accurately represent the law; the instruction stated fear could be presumed if it was found that Anderson had used a firearm to commit the crime.

The record indicates that appellant failed to object to the instructions given by the trial court. Furthermore, there is no evidence that appellant requested any instructions be given. As a result this Court generally limits itself to an examination of the instructions which were given to see if they accurately and fairly covered the issues raised at trial. *Kelsey v. State*, 569 P.2d 1028 (Okl.Cr.1977). An examination of the trial court's instructions in light of our disposition of the preceding proposition causes us to determine these instructions adequately cover the subject matter of inquiry. This is particularly so, insofar as defense witness, Rose Holt, testified that appellant entered the club with a pistol in his hand.

■ Appellant maintains that the jury should have been instructed on the lesser included offense, larceny. The record preserved for this Court to review fails to contain instructions requested by the defense or proof that instructions were requested. Since the instructions given fairly and adequately state the applicable law, this Court's examination of them must cease due to the limitations imposed by *Kelsey*.

Moreover the evidence presented showed either robbery by force or fear or no commission of a crime. It is therefore not error to fail to give instructions on lesser included offenses when the evidence does not warrant the giving of the instruction. *Parrott v. State*, 522 P.2d 628 (Okl.Cr. 1975); *Woods v. State*, 569 P.2d 1004 (Okl. Cr.1977).

■ Appellant's final assertion is that the jury should have been comprehensively instructed to limit their consideration of the other crime evidence. He maintains evidence that appellant had attempted to shoot someone immediately prior to the robbery, that a loaded gun was being transported in Ronnie Cherry's vehicle while Anderson was a passenger, and that appellant had committed a battery on someone at the Studio 56 Club was prejudicial. This Court has held that for evidence of other offenses to be admissible there must be a visible connection between the crimes. *Burks v. State*, 594 P.2d 771 (Okl.Cr.1979). In light of our holding in *Burks*, we conclude that the other crimes evidence offered at trial had probative value and a logical relevancy to the crime charged so as to be admissible.

As a result of defense counsel's failure to object to the admission of the other-crimes evidence as well as failure to properly preserve requested instructions this matter may not be considered on appeal. *See Scott v. State*, 663 P.2d 17 (Okl.Cr. 1983); *Kelsey v. State*, 569 P.2d 1028 (Okl. Cr.1977). Therefore, judgment and sentence is AFFIRMED.

BUSSEY, J., concurs.

PARKS, P.J., not participating.