Ellen Joyce OXLEY, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F-95-0817.

Court of Criminal Appeals of Oklahoma.

May 29, 1997.

Greg Thomas, Muskogee, for Appellant at Trial.

Patti J. Palmer, Pawhuska, for Appellant on Appeal.

Kim Auftengarten, Assistant District Attorney, Muskogee County, Muskogee, for Appellee at Trial.

W.A. Drew Edmondson, Attorney General, Nathan L. Dills, Assistant Attorney General, Oklahoma City, for Appellee on Appeal.

## OPINION

JOHNSON, Judge.

Ellen Joyce Oxley, hereinafter referred to as Appellant, was tried and convicted by jury for the crime of Child Endangerment in violation of 21 O.S.1991, § 852.1, in Case No. CF–94–330 in the District Court of Muskogee County before the Honorable Lyle Burris, District Judge. The jury returned a verdict of guilty and recommended a sentence of one (1) year imprisonment, in custody of Department of Corrections and a $5,000.00 fine. The trial court sentenced Appellant in accordance with the jury's recommendation. From this Judgment and Sentence, Appellant has perfected her appeal to this court.

Terrie Oxley[1], mother of K.H., testified that on December 24, 1994, Appellant offered to keep K.H.[2], and another youth [P.C.] over-

---

1. Terrie Oxley was married to Appellant's son, Dana. Dana was K.H.'s step-father. Appellant was K.H.'s step-grandmother

2. At the time of the event, K.H. was nine (9) years old. At the time of trial he was eleven (11) years old.

night, at her residence.[3] [Appellant denied ever having the boys spend the night on Christmas Eve]. During the early morning, Randy Oxley (Appellant's husband) awoke K.H., rubbed him all over his body and "put his private part into [K.H.'s] butt."[4] During the time Randy Oxley was sexually abusing K.H., Appellant entered the room, proclaimed "[t]his is not my business,"[5] and went to prepare breakfast. After Randy Oxley stopped sexually abusing him, K.H. went to the kitchen to eat breakfast. K.H. asked Appellant if they could talk. Appellant replied, "[n]o, not now. I'm cooking breakfast. We'll talk later." However, Appellant never talked to K.H. concerning the incident,[6] nor did she take actions to stop or report Randy Oxley's abuse of K.H.

■ Appellant raises four propositions of error. In her first proposition of error, Appellant contends that the Information failed to confer jurisdiction upon the trial court because it failed to allege the essential element that Appellant was a "parent, guardian, or person having custody or control of a child." This Court revisited this issue in *Parker v. State,* 917 P.2d 980, 985–987 (Okl. Cr.1996), wherein it was noted that "a trial court's jurisdiction is triggered by the filing of an Information alleging the commission of a public offense with appropriate venue." *See also* 22 O.S.1991, §§ 121–136. In *Parker,* this Court overruled prior case law, including *Miller v. State,* 827 P.2d 875 (Okl.Cr. 1992) relied on by Appellant, to the extent it held that in order for an Information to confer jurisdiction upon a trial court, it must state facts alleging every material element of the crime charged. A review of the Information in this case reveals that it was sufficient to confer jurisdiction on the trial court in that it alleged that Appellant had committed Child Endangerment in Muskogee County.

■ In *Parker,* we also addressed state and federal constitutional due process requirements that an Information be sufficient to put an accused on notice of the charges against him "[w]here the Information alleges an offense and pleads particular facts constituting the offense in ordinary language, such that a person of common understanding can know what is intended and prepare a defense to the charge, no due process violation occurs." *Id.* at 986. However, when an Information falls short of sufficiently apprising an accused of what he or she must defend against at trial, a due process violation will not always have resulted. In order to make this determination on appeal, this Court will look to the entire record including discovery and preliminary hearing transcripts to ascertain whether the accused received satisfactory notice. If, upon a review of the record, it is determined that the accused has sufficient notice, no due process violation will be found. *Id.*

The Information in this case charged Appellant as follows:

[T]hat on or between **the 1st day of January, 1992, and the 24th day of December, 1992,** in said County of Muskogee and State of Oklahoma one **E. JOYCE OXLEY** did then and there unlawfully, wrongfully, willfully and feloniously having been informed of the sexual abuse of her step grandson, **K.H.** under the age of 12 years old, failed to take any action to protect the said **K.H.** or to prevent further sexual abuse; contrary to the form and statute in such cases made and provided and against the peace and dignity of the State.

The statute under which Appellant was charged is, in part, as follows:

A. A person who is **the parent, guardian, or person having custody or control over a child** as defined in

---

3. Terrie Oxley's family was staying with her for the Christmas holiday and there was not sufficient space at her residence.

4. K.H. testified that the sexual abuse from Randy Oxley had first begun on his fourth or fifth birthday while at the Oxley's residence and continued until the night in question.

5. Kenneth also testified that Appellant had walked in and discovered sexual abuse on at least two prior occasions.

6. Appellant testified that she was aware that Randy Oxley acted in a sexually improper manner with her daughter. However, she did not become aware of this until years after the fact when her daughter finally told her.

Section 1101 of Title 10 of the Oklahoma Statutes, commits child endangerment when the person knowingly permits physical or sexual abuse of a child. (Emphasis added.)

21 O.S.1991, § 852.1.

■ Appellant contends that the Information does not assert whether she is "the parent, guardian, or person having custody or control over" K.H. While this is true, the record supports a finding that Appellant had notice that she was a "person having custody or control" over K.H. during the time in question. The Affidavit attached as Page Two of the Information states that "K.H. was in Oxley's care when this occurred." Additionally, defense counsel received, during discovery, the sworn statement from K.H. [as prepared by Terrie Oxley] stating that Appellant offered to have "a few of the kids over because my [Terrie Oxley's] house was crowded." Accordingly, it can be found that prior to trial, Appellant was put on notice that she was a person having custody or control over K.H. Thus Appellant's right to due process was not violated. This proposition is denied.

■ Appellant's next two propositions concern the terms "parent, guardian, or person having custody or control." Since we have determined in Appellant's first proposition that she was charged as a "person having custody or control" over K.H., we will limit our consideration to this term only. In her second proposition, Appellant contends that the trial court committed fundamental error by failing in the instructions, to define "parent, guardian, or person having custody or control." Appellant argues that the terms, "custody" and "control" have legal connotations and are not in such common use that they need not be defined or explained. First, it is noted that Appellant did not object to the instructions as submitted or offer any additional instructions defining the terms which she now says should have been defined. Secondly, we have repeatedly held that the failure to request an instruction will

act as a waiver of any error except that which results in a miscarriage of justice and is fundamental. *McGee v. State*, 815 P.2d 196, 197 (Okl.Cr.1991); *Scott v. State*, 808 P.2d 73, 76 (Okl.Cr.1991). Therefore, our review is limited to plain error.

■ As this Court has not had the opportunity to address the terms of or persons liable under § 852.1, this is a case of first impression. A review of the legislative history of 21 O.S.1991, § 852 is instructive. Prior to 1990, § 852, entitled "Omission to provide for a child—Penalties" embraced within its scope "any parent or legal custodian of a child." In 1990, the statute was amended to its present wording, "any parent, guardian, or person having control or custody over a child." *See* Okla. Sess. Laws 1990, c. 165, § 1. This wording is used in § 852.1, which was enacted at the same time. The deletion of the word "legal" indicates the Legislature intended the statute to apply, aside from parents and guardians, to persons charged with the custody or control of the child. Thus, any person having custody or control would include one standing in the place of the parent or guardian, i.e., *in loco parentis* to the child. Additionally, the Legislature intended the terms "guardian" and "a person having custody or control," as they are commonly understood.[7]

In *Williams v. State*, 554 P.2d 842 (Okl.Cr. 1976), we held,

Terms used in instructions should be defined by the court where they have a technical meaning, or may be misapplied by the jury; but where the terms are in common use and are such as can be understood by a person of ordinary intelligence they need not be defined or explained in the absence of anything in the charge to obscure their meaning. *Id.* At 846. (Citation omitted).

Additionally, this Court is obligated to "employ the common and ordinary meaning of the statutory term." *Glass v. State*, 701 P.2d 765, 768 (Okl.Cr.1985). We find there

7. *WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY Unabridged* (1986) at 559 defines the word "custody" as "protection, care, maintenance, tuition." "Control" is defined as "power or authority to guide or manage." *WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY Unabridged* (1986) at 496.

was nothing in the instruction given in this case to obscure the common meaning of the terms, "custody" and "control." We find no plain error. This proposition is denied.

■ In her third proposition of error, Appellant contends there was insufficient evidence to find she had custody or control over K.H. We do not agree. Appellant offered to keep K.H. overnight. His mother consented. Thus, Appellant assumed the responsibility for K.H. The assumption of that responsibility placed Appellant *in loco parentis.* We find by viewing the evidence in the light most favorable to the State, any rational trier of fact could find beyond a reasonable doubt, Appellant was a person having custody or control, or in place of a parent as it relates to *Battenfield v. State,* 816 P.2d 555, 562 (Okl. Crim.App.1991), *cert. denied,* 503 U.S. 943, 112 S.Ct. 1491, 117 L.Ed.2d 632 (1992); *Spuehler v. State,* 709 P.2d 202, 203–204 (Okl. Cr.1985). This proposition is denied.

■ In her final proposition, Appellant raises two instances where she claims the admission of other crimes evidence constitutes reversible error. First, she claims that during opening statement and during the testimony of P.C., evidence of another crime was revealed without proper *Burks*[8] notice. Specifically, she complains about the admission of evidence that P.C. was also sexually abused during the same time as K.H. and that Appellant actually entered the room during the abuse. We note that Appellant failed to object to the admission of this evidence. We held in *Burks* that defense attorneys are not relieved of the need to object to inadmissible evidence of other crimes. *Id.* at 775. Failure to object to the admission of other-crimes evidence, as well as preserve requested instructions, may not be considered on appeal. *Anderson v. State,* 719 P.2d 1282, 1285 (Okl.Crim.App.1986). Thus, we will not consider this argument.[9]

■ Second, Appellant contends that the trial court erred by allowing the State to cross-examine her concerning prior sexual misconduct of Randy Oxley. This evidence was the subject of Appellant's Motion in Limine which the trial court overruled, finding that the evidence showed that Appellant had knowledge of her husband's propensity to commit such acts of sexual misconduct. Thus, the evidence was relevant and probative of the issue of Appellant's knowledge of her husband's sexual misconduct. Therefore, we find that the evidence submitted of the other crimes was probative and not unduly prejudicial, and that the trial court correctly allowed the evidence. *See* 12 O.S.1991, § 2402. Accordingly, we find Appellant's final contention without merit.

After a review of the errors alleged by Appellant, we are unable to conclude that any error has occurred which requires either reversal or modification of Appellant's sentence. Accordingly, the Judgment and Sentence are **AFFIRMED.**

CHAPEL, P.J., STRUBHAR, V.P.J., LUMPKIN, J., concur.

LANE, J., concurs in results.

LANE, Judge, concurs in results.

I concur in results only for reason of *stere decisis.* I do not think that the Information is sufficient. *See* my dissent to *Parker v. State,* 917 P.2d 980 (Okl.Cr.1996).

8. *Burks v. State,* 594 P.2d 771 (Okl.Cr.1979), overruled on other grounds. *Jones v. State,* 772 P.2d 922, 925 (Okl.Cr.1989).

9. In this case, it appears that the failure of defense counsel to object to the other crimes evidence was a part of defense counsel's trial strate-

gy. Defense counsel attempted to impeach P.C. by pointing out inconsistencies between P.C.'s testimony at trial and his testimony at the preliminary hearing. Further illustrating the point, in closing arguments, defense counsel pointed out the alleged inconsistencies to the jury.