FILED
**United States Court of Appeals**
**Tenth Circuit**

**November 7, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

REGINALD JEROME GODLOCK,

Defendant-Appellant.

No. 17-6233
(D.C. No. 5:17-CR-00063-D-1)
(W.D. Okla.)

---

### ORDER AND JUDGMENT[*]

---

Before **TYMKOVICH**, Chief Judge, **BALDOCK**, and **EID**, Circuit Judges.

---

Reginald J. Godlock appeals his sentence for felony possession of a firearm and ammunition under 18 U.S.C. § 922(g)(1). He pleaded guilty and was sentenced by the district court to 15 years' imprisonment pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B). The district court found Godlock had committed

---

[*] After examining the briefs and appellate record, this panel determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

three predicate offenses, including first-degree robbery. Godlock argues that the district court erred in applying the ACCA enhancement because his robbery offense was not a proper ACCA predicate. In light of the Supreme Court's decision in *Stokeling v. United States*, 139 S. Ct. 544 (2019), and our own case law, we disagree. First-degree robbery is a violent felony for purposes of the ACCA.

Exercising jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, we affirm the district court.

## I. Background

A federal grand jury charged Godlock with possession of a firearm and ammunition after having been convicted of a felony offense, in violation of 18 U.S.C. § 922(g)(1). Godlock pleaded guilty without a plea agreement. During the sentencing phase, the government identified three of his prior Oklahoma convictions as qualifying ACCA predicates for sentencing purposes: (1) first-degree robbery; (2) assault and battery with a dangerous weapon; and (3) possession of a controlled dangerous substance with intent to distribute. R., Vol. 1, p. 14. The district court found that each was a proper predicate and sentenced Godlock to the statutory minimum for an offender with three prior convictions for violent felonies or serious drug offenses.

Godlock challenges the district court's determination with respect to the robbery conviction.

## II. Analysis

### A. ACCA Requirements and Standard of Review

We review de novo whether a defendant's "prior conviction constitutes a crime of violence." *United States v. Ash*, 917 F.3d 1238, 1240 (10th Cir. 2019), *cert. filed*, No. 18-9639 (June 12, 2019).

The ACCA sets a minimum sentence of 15 years imprisonment for anyone who violates § 922(g)(1) and "has three previous convictions . . . for a violent felony or serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The ACCA defines a violent felony as "any crime punishable by imprisonment for a term exceeding one year" that "has as an element the use, attempted use, or threatened use of physical force against the person of another," or is otherwise a crime listed in the statute. *Id*. at § 924(e)(2)(B)(i)-(ii). Because robbery is not listed in the enumerated offenses clause of § 924(e)(2)(B)(ii), we look to whether the Oklahoma robbery statute at the time of the conviction fit the requirements of the "elements" clause, § 924(e)(2)(B)(i).

To determine whether a prior conviction qualifies as a violent felony, we deploy a categorical approach and consider the elements of the crime, not the facts of the case. *United States v. Harris*, 844 F.3d 1260, 1263 (10th Cir. 2017), *cert. denied*, 138 S. Ct. 1438 (2018). We consider the "minimum culpable conduct"—here, the minimum degree of force—required for a conviction under the state law. *Id*. at 1264. If the floor of

3

culpability for a given felony is lower than the floor set by the ACCA, then that felony is not a predicate violent felony.

In the time since Godlock filed this appeal, the Supreme Court "conclude[d] that the elements clause encompasses robbery offenses that require the criminal to overcome the victim's resistance." *Ash*, 917 F.3d at 1239 (citing *Stokeling*, 139 S. Ct. at 549). We have now applied *Stokeling* in several cases that illustrate its scope. For example, we have held that a Missouri conviction for second-degree robbery qualifies as a crime of violence pursuant to *Stokeling* because Missouri law requires overcoming at least some resistance by the victim. *Id.* at 1242–43. By contrast, we decided that robbery in Kansas did not constitute a crime of violence for ACCA purposes because it "can be accomplished with minimal force that falls short" of the sort of violence required by *Stokeling*. *United States v. Bong*, 913 F.3d 1252, 1264 (10th Cir. 2019). In Kansas, a person could commit robbery "without any application of force directly to the victim, and also, importantly, without any resistance by or injury to the victim." *Id.* These cases help clarify the line we have drawn "between robbery that can be accomplished by the mere snatching of property and robbery that requires overcoming even slight victim resistance." *Ash*, 917 F.3d at 1242. Any robbery statute that can be violated "by the mere snatching of property" cannot satisfy the *Stokeling* force requirement.

This is the line drawn at common law between robbery and larceny, and the Supreme Court emphasized the distinction between the two common law offenses. The

4

additional force required to convict a person of robbery instead of larceny is "sufficient to justify an enhanced sentence under the . . . elements clause." *Stokeling*, 139 S.Ct. at 551.

### B. Oklahoma Robbery

When Godlock was convicted of robbery in 1993, Oklahoma defined robbery as "a wrongful taking of personal property in the possession of another . . . accomplished by means of force or fear." Okla. Stat. tit. 21, § 791 (1993). The next section clarified:

> To constitute robbery, the force or fear must be employed either to obtain or retain possession of the property, or to prevent or overcome resistance to the taking. If employed merely as a means of escape, it does not constitute robbery.

*Id*. at § 792. The Oklahoma statute under which Godlock was convicted of robbery reads:

> Robbery, when accomplished by the use of force, or of putting the person robbed in fear of some immediate injury to his person, is robbery in the first degree. When accomplished in any other manner, it is robbery in the second degree.

*Id.* at § 797. Thus, to have committed first-degree robbery in Oklahoma in 1993, one must have either used force against anyone to effectuate the taking or instilled fear of immediate injury in the robbed person himself.

Godlock argues the law does not require more than minimal force, and therefore does not require *Stokeling*-level violence, even though it facially requires force or the threat of it. Relying on *Woods v. State*, 569 P.2d 1004 (Okla. Crim. App. 1977), he contends that one can be convicted of robbery in Oklahoma after using only de minimis force. In that case, a man was convicted of robbery when he hit his victim's companion,

5

causing that companion to fall, before taking his victim's purse. The defendant did not apply force to the robbery victim herself, and he did not have to overcome physical resistance from the woman whose purse he snatched. *Id*. at 1005–06. But the force that he applied to his victim's companion was sufficient to knock the woman over and was necessary to effectuate the taking because it distracted the purse owner. In *Woods*, then, the defendant, in fact, used sufficient force to overcome his victim's resistance and to satisfy the *Stokeling* standard.

Because *Woods* does not stand for the proposition that only de minimis force is necessary to commit robbery, Godlock has not provided this court any evidence that robbery in Oklahoma can be effectuated by the sort of minimal force involved in the mere snatching of property. We have only found cases demonstrating that Oklahoma courts look for force greater than that involved in purse snatching. *See, e.g.*, *Guarino v. State*, 491 P.2d 326, 328 (Okla. Crim. App. 1971) ("We would agree with the defendant's contention that the mere snatching of the diamond wallet from Hillerman's hand was not robbery; however, the defendant's later actions in the using of the mace to retain possession of the wallet does constitute the offense of Robbery."); *Marks v. State*, 102 P.2d 955, 959-60 (Okla. Crim. App. 1940) (holding that two girls robbing an elderly man did not use sufficient force to constitute robbery even when one hit him with an open hand and the other took his wallet).

In sum, one cannot be convicted of first-degree robbery in Oklahoma without the use of force or the threatened use of force that creates fear. Looking again to the language of the ACCA, it is clear that the Oklahoma robbery statute under which Godlock was convicted in 1993 fits within the requirements of § 924(e). Godlock's sentence exceeded one year, and the crime had "as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

## III. Conclusion

We therefore affirm the district court's decision to apply the ACCA sentencing enhancement.

Entered for the Court

Timothy M. Tymkovich
Chief Judge