This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**KATHRYN J. KOCH,**

Petitioner-Appellee,

**v.**                                                              **No. 32,324**

**STEVEN J. KOCH,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Gerard J. Lavelle, District Judge**

Armand T. Carian
Albuquerque, NM

for Appellee

Steven J. Koch
Albuquerque, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Respondent (Father) appeals from the district court's orders awarding Petitioner (Mother) child support arrears and unpaid medical expenses for the parties' children. [RP 97, 107] This Court issued a calendar notice proposing to reverse the district court's award of child support arrears, but affirm the award of unpaid medical expenses. Petitioner has filed a memorandum in opposition to this Court's proposed summary reversal of the award of child support arrears. Respondent has not filed any objections to this Court's proposed summary affirmance of the unpaid medical expenses. "Failure to file a memorandum in opposition constitutes acceptance of the disposition proposed in the calendar notice." *Frick v. Veazey*, 116 N.M. 246, 247, 861 P.2d 287, 288 (Ct. App. 1993). Accordingly, we affirm the district court's order requiring Respondent to pay unpaid medical expenses for the parties' children.

On the issue of the district court's award of child support arrears, we proposed to reverse the district court's order in our calendar notice. This Court's proposed reversal was premised on the general prohibition that district courts cannot retroactively modify a support obligation. *Ingalls v. Ingalls*, 119 N.M. 85, 88, 888 P.2d 967, 970 (Ct. App. 1994). [CN 4] We noted the holding in *Ingalls* that "parties may not, by private agreement, modify future child support obligations; rather, modification of future child support is a matter to be determined by the courts." *Id.* at 86, 888 P.2d at 968. This Court also pointed out that, to the extent an express or

implied agreement between the parties had been reached, such agreements "should receive serious consideration by the trial court in weighing *prospective modification*." *Id.* at 88-89, 888 P.2d at 970-71 (emphasis added).

Petitioner has responded by arguing that this Court is not taking into consideration the fact that the agreement between the parties was supported by consideration and was, as Petitioner contends, "an enforceable contract." [MIO 2] We are not persuaded. This Court's opinion in *Ingalls* does not hinge on the existence of consideration; rather, it generally prohibits modification of support through private agreements. *Id.* at 86, 888 P.2d at 968. Furthermore, drawing such a distinction appears contrary to the basis for our decision in *Ingalls*. Our courts do not permit the parties to enter into agreements regarding child support payments and change the terms of the court-ordered support because such agreements may work to the detriment of the child, and "the child's present and future welfare takes precedence over the rights of the court-designated payor and payee of child support payments." *Id.* at 88, 888 P.2d at 970 (alteration, internal quotation marks, and citation omitted). If the parties entered into an agreement then, as we stated in *Ingalls*, the proper and preferable procedure would have been for Petitioner "to seek immediate judicial ratification" of that agreement. *Id.* Finally, Petitioner has not directed this Court to any authority calling into question this Court's decision in *Ingalls*. *See State v.*

*Mondragon*, 107 N.M. 421, 423, 759 P.2d 1003, 1005 (Ct. App. 1988) (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact" and the repetition of earlier arguments does not fulfill this requirement); *see also In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (stating that where a party cites no authority to support an argument, we may assume no such authority exists).

Accordingly, for the reasons stated in this Opinion and in this Court's notice of proposed disposition, we affirm the district court's award of unpaid medical expenses and reverse the district court's award of child support arrears based on the parties' private agreement.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**MICHAEL E. VIGIL, Judge**